273 So.2d 72 (1973)
Robert L. SHEVIN et al., Appellants,
v.
Mel KAHN, Etc., Appellee.
No. 42371.
Supreme Court of Florida.
February 7, 1973.
Robert L. Shevin, Atty. Gen., Barry Scott Richard, Deputy Atty. Gen. and Winifred L. Wentworth, Asst. Atty. Gen., for appellant.
Bill Hoppe, Miami, for appellee.
McCAIN, Justice.
Appellants appeal from a final judgment of the Circuit Court for Dade County, Florida, holding Fla. Stat. § 196.191(7)[1] invalid as a violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution and Art. I, § 2, Declaration of Rights, Florida Constitution, 1968, F.S.A. We have jurisdiction pursuant to Fla. Const. Article V, § 3(b) (1).
Appellee, Kahn, filed his complaint for declaratory relief as a class action pursuant to Rule 1.220, F.R.C.P., 30 F.S.A., and Fla. Stat. § 86.011, F.S.A., alleging denial of his application for a $500 tax exemption under Fla. Stat. § 196.191(7), F.S.A., and asserting that as a widower he and others similarly situated were deprived of equal protection and due process by the limitation of the exemption to "widows".
*73 In his final judgment, the trial judge held:
"The Florida Constitution, Article VII, Sec. 3(b) 1968, exempts every widow from taxation in the amount of $500.00 without any reference to `widowers', [sic] and this Court is powerless to expand the meaning of `widow' to include both women and men, it is therefore,
"ORDERED AND ADJUDGED
"1. That Florida Statute Sec. 196.191(7) [, F.S.A.,] applies to the feminine gender and is therefore discriminatory and arbitrary and is unconstitutional and in violation of the Equal Protection Clause of the Constitution of the United States and the Declaration of Rights, Article I, § 2 of the Florida Constitution, and Florida Statute 196.191(7) [, F.S.A.,] is inoperative and is hereby stricken."
We agree that the term "widow" may not be judicially redefined to include a man who has lost his wife since the legislative intent obviously limits the application of the term only to a woman who has lost her husband by death. This definition is in conformance with the unvarying legislative and judicial use of the term in other areas.[2]
Appellee stresses that inclusion or exclusion from classification under this statute is determined by the sex of the individual involved. While this fact is of significance, it is not enough to declare the statute unconstitutional as a violation of equal protection of the law. Both the Florida and federal courts have upheld classifications determined by sex in other areas.[3]
All that is required to uphold the classification of widow or widower contained in the statute in question is that it be shown that it "rest[s] upon some ground of difference having a fair and substantial relation to the object of the legislation."[4] We cannot agree with the assertion that the classification of "widow" is not one which rests upon such a ground of difference.
It has been ably pointed out that the object of the legislation here in question is "to reduce to a limited extent the tax burden on widows who own property to the value of $500 and ... thereby to `reduce the disparity between the economic ... capabilities of a man and a woman,'... ." As recognized in Gruenwald v. Gardner, supra, women workers as a class do not earn as much as men.[5] Certainly this has a "fair and substantial relation" to the ability of women property owners to pay taxes on property of even minimal value.
We recognize that steps have been and are continuing to be taken toward the elimination of legal barriers to equality of the sexes. Among the significant steps toward this end is the legislative provision for alimony and child support payments by women as well as men.[6] This provision, however, *74 provides a means of taking into consideration the factual economic capability of each woman involved through judicial supervision and control.
Significantly, the provisions of the statute under review do not provide any means for similar consideration. Therefore, until the steps taken toward legal equality result in equality in fact, a finding of identity between the sexes at this time would rest on fiction and not fact.
Accordingly, it is our judgment that Fla. Stat. § 196.191(7), F.S.A., is a valid legislative enactment. Therefore, the final judgment of the Circuit Court must be and is hereby reversed.
It is so ordered.
CARLTON, C.J., ROBERTS, ERVIN, BOYD and DEKLE, JJ., and WILLIAMS, Circuit Judge, concur.
NOTES
[1] The various statutes relating to ad valorem taxation and exemptions therefrom were extensively revised by Chapter 71-133, Laws of Florida, which took effect on December 31, 1971. Inter alia Fla. Stat. § 196.191(7), F.S.A., was repealed as such and its substance incorporated in § 196.202, F.S.A., which provides:

"Property of widows, blind persons, and persons totally and permanently disabled  Property to the value of five hundred dollars ($500) of every widow, blind person, or totally and permanently disabled person who is a bona fide resident of this state shall be exempt from taxation."
[2] See City of Jacksonville Beach v. State, 151 So.2d 430 (Fla. 1963); Wilson v. Fridenburg, 19 Fla. 461 (1882); In re Estate of Yohn, 229 So.2d 612 (Fla.App. 1st, 1969); In re Beacher's Estate, 177 So.2d 838 (Fla.App.3rd, 1965).
[3] In Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961), the United States Supreme Court unanimously affirmed the decision of this Court, Hoyt v. Florida, 119 So.2d 691 (Fla. 1959), upholding a classification determined by sex for the purpose of according a privileged status to women in jury registration. In Gruenwald v. Gardner, 390 F.2d 591 (2d Cir.1968), the United States Court of Appeals upheld the constitutionality of certain provisions of the Social Security Act which accorded women more favorable treatment than men in computing social security benefits.
[4] Reed v. Reed, 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971).
[5] It is estimated that in 1970 the median annual earnings of all male workers with taxable earnings was $6,133 while only $2,734 for women. U.S. Dept. of H.E.W., Social Security Bull., Annual Statistical Supp., 1970, Table 34 at 50.
[6] Fla. Stat. § 61.08, F.S.A. (1972).