299 So.2d 151 (1974)
FULLERTON METAL COMPANY and Zurich Insurance Company, Appellants,
v.
ABELL HOWE COMPANY and Central Air Conditioning Company, Appellees.
No. 74-32.
District Court of Appeal of Florida, Third District.
August 6, 1974.
Rehearing Denied September 6, 1974.
*152 Preddy, Haddad, Kutner & Hardy, and Glenn P. Falk, Miami, for appellants.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
William Walsh, an employee of defendant Central Air Conditioning Company, was killed July 25, 1969 while working at the Fullerton Metals plant. Fullerton Metals, plaintiff herein, was sued as a result of the accident, and its insurance carrier, plaintiff Zurich Insurance Company settled the claim with decedent's estate for a substantial sum of money.
Thereafter, on May 18, 1971, plaintiffs filed a complaint against defendant Central Air Conditioning Company for indemnification.
The legislature of Florida amended Section 440.11, Florida Statutes, effective June 18, 1971, so as to eliminate the type cause of action sued upon by the plaintiffs. The trial court granted defendants' motion to dismiss the complaint, ruling that the amendment to such statute must be given retrospective application. Plaintiffs appealed from such order.
The effect of the ruling by the trial court was to destroy an existing cause of action being litigated at the time the amendment became effective.
The rule is clear in this state that a statute shall operate prospectively unless the legislature clearly sets forth its intent that the same shall have retrospective application. No such intent is in any way legislatively suggested by the amendment. See State v. Green, Fla. 1958, 101 So.2d 805.
The order dismissing the complaint is reversed.