HENDRY, Judge.
Appellant, the husband of the decedent, appeals an order by the probate judge denying his election to take dower.
The decedent died on March 7, 1973. Her will was admitted to probate on March 19, 1973, and a notice to creditors was first published on March 30, 1973. Appellant elected to take dower on October 9, 1973.
In between these dates, the Florida Legislature amended certain provisions of Sections 731.34 and 731.35, Florida Statutes, relative to dower. The amendments extended dower to either surviving spouse and also reduced the time in which a surviving spouse must elect to take dower to seven months from the date of the first publication of notice to creditors.
These amendments were perfected by passage of two separate chapters, 73-106 and 73-107, as reported by West’s Florida Session Law Service. One chapter specifically provides: “This act shall not be applicable to any estate the administration of which was commenced prior to the effective date of this act.” The effective date of both chapters was October 1, 1973.
Appellant now seeks to apply the amendments retroactively to afford him the right to elect dower because there is no specific language in Ch. 73-107 to the effect that it does not apply to any estate the administration of which began before the law’s effective date.
We find the appellant’s argument untenable and affirm the probate judge. The law in force at the time the decedent died and her will was admitted to probate governs the instant proceeding. See, In Re Rogers’ Estate, Fla.App. 1965, 171 So.2d 428.
Unless the terms' of a statute require or unequivocally imply a retrospective application of a statute, the statute operates prospectively only. Keystone Water Company Inc. v. Bevis, Fla. 1973, 278 So.2d 606; Heberle v. P.R.O. Liquidating Company, Fla.App. 1966, 186 So.2d 280.
We think that the amendments to the dower law in Florida which are in issue in the present case not only fail to manifest a clear implication of retroactive application. It is quite clear that these particular amendments were intended by the Legislature to have only a prospective application.
Therefore, for the reasons stated, the order appealed is affirmed.
Affirmed.