327 So.2d 224 (1976)
In re ESTATE OF Louise B. RINCON, Deceased.
No. 46381.
Supreme Court of Florida.
February 11, 1976.
*225 Thomas C. Dinard, Fort Lauderdale, for appellant.
William L. Ranaghan, of Sullivan, Cochran, Ranaghan & Bailey, Pompano Beach, for appellee.
BOYD, Justice.
This cause is before us on appeal from a final judgment of the Broward County Circuit Court in which the trial court denied Appellant's election to take dower as the surviving husband of Louise B. Rincon, which decision of necessity reached the issue of constitutionality of Sections 731.34 (Dower in Realty and Personalty) and 731.35 (Election to take Dower), Florida Statutes. This Court has jurisdiction under Article V, Section 3(b)(1), Florida Constitution.
The pertinent chronology of this case is as follows. On October 31, 1972, Louise Rincon executed her will, dying on March 5, 1973. On March 9, 1973, the first Notice to Creditors was published, with the estate's inventory being filed on May 4, 1973. During June, 1973, Appellant-widower, being dissatisfied with the provisions of the will, petitioned for revocation of probate (an issue ultimately disposed of by this Court in its denial of his petition for certiorari, reported at 304 So.2d 129). October 1, 1973, was the effective date of new Sections 731.34 and 731.35, Florida Statutes. On August 22, 1974, Appellant filed his Election to take Dower under the latter section, which election was denied by the trial court on October 1, 1974; this appeal followed.
The 1885 Constitution contained neither dower nor curtesy provisions, these being established by statute. With the passage *226 of the new Constitution in 1968 our citizens approved the present Article X, Section 5 (Coverture and property), wherein dower or curtesy are mentioned twice in the disjunctive: i.e., the first speaks of "property rights," and the second "except that dower or curtesy may be established and regulated by law." Thereafter, based on that constitutional provision present Section 731.35, our current dower statute, was passed by the Legislature, becoming effective on October 1, 1973. Thus, there is the manifesting of the legislative intent of the direction given the Legislature by Article X, Section 5, Florida Constitution.
It is important to note that in 1969 there was an existing dower statute (Sections 731.34 and 731.35, Florida Statutes), and the new Constitution gave authority for revising it in the non-self-executing provision of Article X, Section 5. Since no obvious or necessary repugnancy existed between the new constitutional language and the existing statutes, the latter can easily be reconciled with the former. Because they were not impliedly repealed, the existing statutes remained the law of Florida until the effective date of the new statute, October 1, 1973, and govern the parties of this case.[1]
We recognize that our 1968 Constitution specifically forbids distinctions between married men and married women; nevertheless, where a statute's differing treatment of widows and widowers rests on some ground of reasonable difference having a fair and substantial relation to the object of the legislation, that statute does not violate the equal protection clauses of our state and federal constitutions.[2] We find the distinction between the treatment of the sexes by former Section 731.35, Florida Statutes, to have been reasonably justified by the disparity between their economic capabilities,[3] therefore, we hold that section to have been constitutional. The conclusion is re-enforced by the exception in Section 5 of Article X of the Constitution providing that "dower or curtesy may be established and regulated by law." Such exception makes it clear that the drafters of the 1968 Constitution intended to vest authority in the Legislature to make a distinction between the sexes with respect to providing rights of a wife in the property of her husband without requiring that the husband be granted reciprocal rights.
Furthermore, since legislative enactments may not be retrospective in effect unless that intent is clearly set forth,[4] it is obvious that Appellant cannot take advantage of new Section 731.35, Florida Statutes, inasmuch as that section specifically provides within itself that it "... shall not be applicable to any estate the administration of which was commenced prior to October 1, 1973."
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, OVERTON, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] In re Estate of Humphreys, 299 So.2d 595 (Fla. 1974); In re Estate of Arner, 218 So.2d 471 (Fla.App. 1969), cert. den. 225 So.2d 916 (Fla.).
[2] Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974).
[3] Id.
[4] Fullerton Metal Company v. Abell Howe Company, 299 So.2d 151 (Fla.App. 1974).