330 So.2d 493 (1976)
Lucien H. MARTEL, Appellant,
v.
GIBEAUT, INC., a Florida Corporation, Appellee.
No. 75-228.
District Court of Appeal of Florida, Fourth District.
April 15, 1976.
Mark S. Roth, Miami Beach, for appellant.
Frank E. Maloney Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This appeal involves the propriety of a retrospective application of § 440.10(1) F.S. 1974, in a suit commenced October 2, *494 1974, arising out of an accident which occurred October 26, 1972.
Appellant, an employee of a subcontractor, was injured on October 26, 1972, by an employee of another subcontractor on the same construction jobsite. At the time of the accident § 440.10(1) F.S. 1971 precluded an employee of one subcontractor from suing another subcontractor on the same jobsite for injuries resulting from negligence. However, § 440.10(1) F.S. was amended effective October 1, 1974, so as to eliminate the bar to such an action. See Chapter 74-197, Laws of Florida.
Accordingly, on October 2, 1974, appellant sued appellee alleging that while appellant was employed by one subcontractor at a construction project, he was injured on the common jobsite by one of the employees of appellee, another subcontractor. Appellee affirmatively pleaded that workmen's compensation was appellant's exclusive remedy. Summary final judgment for appellee ensued.
While conceding that statutes are not generally applied retrospectively unless that is clearly the intention of the legislature, State ex rel. Riverside Bank v. Green, Fla. 1958, 101 So.2d 805, appellant contends the application of remedial acts is an exception to that rule. Appellant relies upon City of Lakeland v. Catinella, Fla. 1961, 129 So.2d 133, and Grammer v. Roman, Fla.App. 1961, 3 DCA, 174 So.2d 443, neither of which is apposite to this case.
To allow appellant to sue appellee for an accident arising out of employment on a jobsite in 1972 would require a retrospective application of the 1974 amendment to § 440.10(1) F.S. and would thus enlarge the scope of appellee's potential liability. This is constitutionally impermissible because, as the Supreme Court stated in Sullivan v. Mayo, Fla. 1960, 121 So.2d 424, 428:
"It is well established in Florida that the substantive rights of the respective parties under the Workmen's Compensation Law are fixed as of the time of the injury to the employee. This is so because the acceptance of the provisions of the Workmen's Compensation Law by the employer, the employee, and the insurance carrier constitutes a contract between the parties which embraces the provisions of the law as of the time of the injury. Consequently, a subsequent enactment could not impair the substantive rights of the parties established by this contractual relationship."
The rule announced in Sullivan was followed in Subterranean Circus v. Lewis, Fla.App. 1975, 1 DCA, 319 So.2d 600, wherein the court held:
"First, `[i]t is well established in Florida that the substantive rights of the respective parties under the Workmen's Compensation Law are fixed as of the time of the injury to the employee.' On October 17, 1972, when Lewis was injured, the pertinent part of the Florida Workmen's Compensation Law provided that the law was applicable to all private employers who had three or more employees. It was of no consequence that on the date of trial the law had been changed to require only one employee. The trial judge committed error in failing to apply the requirements of the Workmen's Compensation Law as enacted on the date of the accident."
In a case involving the converse of our factual situation, Fullerton Metal Company v. Abell Howe Company, Fla.App. 1974, 299 So.2d 151, the Third District Court of Appeal held an amendment to a Workmen's Compensation Act statute could not be applied retrospectively so as to destroy an existing cause of action. In that case Walsh, while an employee of Central Air Conditioning Company, was killed in July 1969, while working at the Fullerton Metals plant. Fullerton Metals settled the claim against it and then sued Central for indemnity. While that suit was pending the legislature amended § 440.11, F.S., effective June 18, 1971, so as to eliminate the *495 cause of action for indemnity such as Fullerton sought to maintain. The trial court felt the amendment should be given retrospective application and dismissed the suit. On appeal the District Court reversed, holding:
"The effect of the ruling by the trial court was to destroy an existing cause of action being litigated at the time the amendment became effective."
In view of the foregoing we conclude that the trial court was correct in granting summary final judgment for appellee.
AFFIRMED.
WALDEN, C.J., and OWEN, J., concur.