354 So.2d 864 (1978)
In re ESTATE OF Howard W. REED, Deceased.
Howard W. REED, Jr., et al., Etc., Appellants,
v.
Florence M. REED, etc., Appellee.
No. 49703.
Supreme Court of Florida.
January 12, 1978.
Paul R. Stern and Sylvan A. Wells, of Stern & LaRue, Daytona Beach, for appellants.
David A. Monaco, of Abraham, Kaney, Monaco & Main, Daytona Beach, for appellee.
*865 ADKINS, Justice.
This is a direct appeal from the Volusia County Circuit Court's specific ruling that Florida's family allowance statutes, Sections 733.20(1)(d) and (i), Florida Statutes (1973), are constitutional. Appellants, executors of the estate of Dr. Howard Reed, also challenge the circuit court's finding that the antenuptial agreement between Dr. Reed and the appellee, Ms. Florence Reed, his wife, is invalid. Ms. Reed disputes the finding that a certain diamond ring was not given her by Dr. Reed.
Subsections (1)(d) and (1)(i) of Section 733.20, Florida Statutes (1973), provide for a family allowance and a supplemental family allowance payable only to the widow and children of a decedent and only upon a showing of need. A deceased male's needy spouse may receive money from the decedent's estate pending its settlement, but an equally needy spouse of a deceased female may not. The statute makes a sex-based classification. We agree with the appellant's claim that the sex-based classification is irrational and denies equal protection under the Florida and the United States Constitutions. The family allowance statute no longer makes a sex-based classification, Section 732.403, Florida Statutes (1975); but the 1973 statute governs this case.
In Florida "[a]ll natural persons are equal before the law." Article I, Section 2, Florida Constitution. Any classification of persons must bear a just and reasonable relation to a legitimate purpose. Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); In re Estate of Rincon, 327 So.2d 224 (Fla. 1976); Selby v. Bullock, 287 So.2d 18 (Fla. 1973); Shevin v. Kahn, 273 So.2d 72 (Fla. 1973). Florida's family allowance statute's purpose is aiding the needy spouse of a decedent while the decedent's estate is in the often lengthy probate administration process. In re Sacks, 267 So.2d 888 (Fla.3d DCA 1972); Youngelson v. Youngelson, 114 So.2d 642 (Fla.3d DCA 1959); In re Stein, 106 So.2d 2 (Fla.3d DCA 1958). The purpose is legitimate, but there is no reasonable justification for providing for needy spouses of one sex but not the other.
This case is different from In re Estate of Rincon, supra, and Shevin v. Kahn, supra, both relied upon by the appellee. Shevin v. Kahn, supra, found constitutional a law giving widows but not widowers a homestead tax exemption. The law did not deny equal protection because it reasonably furthered its aim, that is, aiding widows, who as a class because of past economic, social, and legal discrimination, are needier than widowers. The dower statute upheld in In re Estate of Rincon, supra, likewise rationally furthered the same legitimate goal, reparation and restitution for past economic, social and legal discrimination. The statute in In re Estate of Rincon, supra, was also supported by the constitutional provision for dower. In this case the need is due not to past sexual discrimination but to the lethargy of probate proceedings. See Levine v. Feuer, 152 So.2d 784 (Fla.3d DCA 1963).
Female spouses of decedents do not as a class necessarily suffer from this problem. Some widows may have assets to support them during the probate period. Some widows may not have been dependent upon the decedent. By requiring a showing of need, the statute recognizes this. Since the factors causing need are not attributable to sex, there is no reasonable relation between the classification by sex and the statute's purpose. We expressly reject the statute's implicit assumption that women are naturally dependent upon men.
Appellant has also challenged the statute as violative of the Equal Protection Clause of the United States Constitution. Under the United States Constitution a sexually discriminatory law denies equal protection unless a fair and substantial relationship to a legitimate governmental objective is demonstrated. See Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); Stanton v. Stanton, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975); Weinberger v. Wiesenfeld, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974); Reed v. Reed, 404 U.S. 71, 92 *866 S.Ct. 251, 30 L.Ed.2d 225 (1971). For the same reasons the family allowance statute violates the Florida Constitution's equal protection clause, it violates the Fourteenth Amendment to the United States Constitution.
The remaining two points presented by appellant are without merit. Ownership of the diamond ring was a factual question, and there is competent substantial evidence supporting the trial court's finding that Ms. Reed was not given the ring.
Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962), and its progeny establish the standards of disclosure required and knowledge needed before an ante-nuptial agreement will be held valid. Although the standards established in Del Vecchio have been supplanted by statute, Section 732.702, Florida Statutes (1975), because of the date of Dr. Reed's death the Del Vecchio standards control in this case. The trial court correctly applied them to the evidence before it.
The trial court's holding that Sections 733.20(1)(d) and (i), Florida Statutes (1973), are constitutional is reversed. The remainder of the order is affirmed, and the cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and BOYD, SUNDBERG, HATCHETT and KARL, JJ., concur.
ENGLAND, J., dissents.