364 So.2d 81 (1978)
Mary L. HANEY, Appellant,
v.
Spencer A. HOLMES and Barbara J. Holmes, His Wife, Appellees.
No. 78-1059.
District Court of Appeal of Florida, Second District.
November 8, 1978.
W.K. Zewadski and Radford W. Smith of Zewadski & Smith, St. Petersburg, for appellant.
Clark A. Stillwell of Tucker, Hicks, Blanchard, Brannen & Stillwell, P.A., Inverness, for appellees.
*82 RYDER, Judge.
Mary L. Haney, plaintiff below, appeals the trial court's order granting appellees' motion for judgment on the pleadings, the grounds for which were that appellant's action was barred by the statute of limitations. We hold appellant's claim was not so barred, and we reverse.
On September 3, 1976, appellant filed her complaint for foreclosure of an equitable lien on certain real property owned by appellees. The complaint alleged that Ludie A. Haney, deceased, of whose assets appellant was sole beneficiary, had performed certain land clearing and maintenance work on appellees' property, the last work having been done on or about February 27, 1975, pursuant to an oral agreement that appellees would reimburse him for his expenses and pay him a reasonable amount for his labor.
Ludie A. Haney died on March 11, 1975. An order of summary administration of his estate was entered on May 28, 1976, at which time appellant was awarded all of decedent Haney's assets, including the instant claim against appellees.
In their answer to appellant's complaint, appellees asserted that Section 95.11(5)(b), Florida Statutes (1975), was the applicable statute of limitations. Had it been applicable to appellant's cause of action, Section 95.11(5)(b), which places a one year limitation on actions to enforce an equitable lien arising from the furnishing of labor, services or material for the improvement of real property, would have barred her claim. However, as appellees concede in their brief on appeal, upon Ludie A. Haney's death, Section 95.11(5)(b) became inapplicable, and the applicable limitation period became that provided in the Florida Probate Code.
The probate code statute of limitations in effect at Ludie A. Haney's death, Section 734.27, Florida Statutes (1975), provided:
If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof and the cause of action survives, the action may be commenced by his personal representative after such expiration and within twelve months from the granting of letters.
Section 734.27, Florida Statutes (1973), was subsequently renumbered and amended. The new law, Section 733.104(1), Florida Statutes (1975), effective January 1, 1976, provides:
If a person entitled to bring an action dies before the expiration of the time limited for the commencement of the action and the cause of action survives, the action may be commenced by his personal representative after the expiration and within twelve months from the date of the decedent's death.
We must now decide which of these two statutes is applicable to appellant's claim.
Appellant maintains that Section 734.27, Florida Statutes (1973), is the applicable statute of limitations, while appellees contend that Section 733.104(1), Florida Statutes (1975), applies. We agree with appellant.
It is well settled that a statute will not be given retrospective application unless the intent to do so is clear. Indemnity Insurance Co. v. Brooks-Fisher Insulating Co., 140 So.2d 613 (Fla. 2d DCA 1962). Neither Section 733.104, Florida Statutes (1975), nor any other section of the Florida Probate Code contains clear language evincing such an intent.[1] Where there is reasonable doubt concerning legislative intention to provide for a shortened limitation period, *83 the benefit of the doubt should be given to the plaintiff. Maltempo v. Cuthbert, 288 So.2d 517 (Fla. 2d DCA 1974).
If we were to find Section 733.104(1), Florida Statutes (1975), applicable here, we would be holding that appellant's cause of action expired before her right to the claim was determined. We hold that this result should not be obtained.
Accordingly, since appellant's suit was filed within the period provided in Section 734.27, Florida Statutes (1973), the order granting appellees' motion for judgment on the pleadings is vacated and the cause remanded for further proceedings not inconsistent with this opinion.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] We are not unaware of § 731.011, Fla. Stat. (1975), which provides:

The Florida Probate Code shall become effective on January 1, 1976. The substantive rights of all persons that have vested prior to January 1, 1976, shall be determined as provided in former chapters 731-737 and chapters 744-746 as they exist prior to January 1, 1976. The procedures for the enforcement of substantive rights that have vested before January 1, 1976, shall be as provided in this code.
However, we do not feel that this section, which does not make specific reference to § 733.104, unequivocally indicates a legislative intent to retroactively shorten and, in some cases, eviscerate, the probate code limitation period.