399 So.2d 486 (1981)
The ESTATE OF Encarnacion Luaces De GARCIA, Deceased, Appellant,
v.
Carlos GARCIA, the Surviving Spouse of the Decedent, Encarnacion Luaces De Garcia, Appellee.
No. 80-1043.
District Court of Appeal of Florida, Third District.
June 9, 1981.
*487 Gars, Dixon & Shapiro and Irwin S. Gars, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern and R. Benjamin Reid, Miami, for appellee.
Before HENDRY, BASKIN and PEARSON, DANIEL, S., JJ.
BASKIN, Judge.
In this appeal from an action by the wife's estate against the husband challenging the trial court's entry of summary judgment and its grant to the husband of an elective share, two issues require resolution. First, we must consider the question raised by the estate in its direct appeal, that is, whether the husband waived, by the execution of an antenuptial agreement in 1956, rights created by the legislature in 1976, including the right to an elective share. Second, we review the question raised by the husband in his cross-appeal, that is, whether by executing the antenuptial agreement he waived his right to homestead. We hold that the husband's waiver of rights to his wife's assets included rights later created by the legislature. We reverse the summary judgment insofar as it permitted the husband to obtain an elective share and affirm the trial court's decision insofar as it ruled that the husband effectively waived his homestead rights.
A few days before their 1956 marriage, Encarnacion Luaces and Carlos Garcia executed an antenuptial agreement which provided:
The Parties hereto expressly agree and covenant that, in the event of the death of the Second Party, the First Party shall not have, and will not assert any claim, interest, estate or title under the laws of any state or of any foreign nation because of such survivorship in or to the property, real, personal or mixed, or life insurance of which such deceased party may die seized or possessed, except as hereinafter provided. The Party of the First Part, for himself and his heirs, hereby relinquishes to the heirs, devisees, administrators, executors and assigns of the Second Party any and all of his claim, distributive share, interest, estate or title that he would be entitled to as surviving husband; and he further agrees, upon demand, to make, execute and deliver to the heirs, devisees, administrators, executors and assigns of the Second Party any and all such claim, interest, estate, right, or title; and, on demand, to make, execute and deliver to the heirs, devisees, administrators, executors and assigns of such deceased party, any and all assignments, assurances, deeds, instruments and receipts that may be necessary and required to efectually [sic] carry out and make effective the agreements herein contained. In the event that either party shall die testate, nothing herein contained shall be a bar to the survivor from claiming, under said last will and testament, in the event that said survivor is a beneficiary thereunder.
The agreement also stated:
That all properties of any name or nature, real, personal or mixed wherever *488 ... found, which belong to [Encarnacion] prior to the contemplated marriage between the parties, shall be and remain forever the personal Estate of [Encarnacion]... .
All property belonging to [Encarnacion] at the commencement of the marriage, or acquired by, or coming to her during the marriage, shall be held and enjoyed by her, and be subject to her disposition as her separate property, in the same manner as if this proposed marriage had never been celebrated... .
The wife executed a will in 1973 leaving Carlos Garcia a life estate in her home and, a few days later, added a codicil providing him $14,000 a year derived from interest on bonds.
In 1973 the legislature amended the dower laws and extended dower to husbands. Ch. 73-107, Laws of Fla. (1973). Subsequently, the legislature enacted the Florida Probate Code, effective January 1, 1976, and replaced dower with the right to an elective share.[1] On February 21, 1979, Encarnacion Luaces de Garcia died. Her husband filed for an elective share, but the estate resisted the claim. Upon motion, the trial court entered Summary Final Judgment finding:
1. That all rights of husband Carlos Garcia, except that of elective share were waived by the Ante-Nuptial Agreement by virtue of F.S. 732.702;
2. That said statute controls, although it was enacted after execution of the agreement, since by said statute the legislature established the public policy regarding such agreements and how they should be construed.
3. That Carlos Garcia, by laches, cannot now attack the agreement twentythree years after its execution and after the death of his wife, during which time he admittedly learned early that she was a wealthy woman.
4. That despite all of the above, Carlos Garcia did not waive his elective share, since it was unknown to him at that time, and as a matter of fact only came into existence many years later by enactment of law by the legislature. One cannot waive that which is not known or in existence at the time, nor contemplated in the future;
5. That furthermore, although the language of the agreement is extremely strong to the effect that the wife's property shall be entirely and forever hers under all circumstances, it would be inequitable to deprive Mr. Garcia of rights by virtue of a statute enacted after the execution of the agreement (F.S. 732.702) while at the same time deprive him of the benefits of a statute likewise enacted after such execution (F.S. 732.201); wherefore, it is,
ORDERED AND ADJUDGED as follows:
That Estate's Motion for Summary Judgment is GRANTED as to all claims of Carlos Garcia except that of Elective Share, upon which said Motion is DENIED.
First, we review the 1976 legislation according the husband an elective share and consider the question concerning whether he may be held by a 1956 agreement to have waived rights which did not arise until 1976.
We are guided in our endeavor by established principles, among them that statutes operate prospectively unless a contrary intent is clearly expressed. Dewberry v. Auto-Owners Insurance, Co., 363 So.2d 1077 (Fla. 1978). Because the Florida Probate Code, effective 1976, does not contain clear language evidencing a contrary intent, Haney v. Holmes, 364 So.2d 81 (Fla.2d DCA 1978), appeal dismissed, 367 So.2d 1124 (Fla. 1979), the principle prevails. Section 731.011, Florida Statutes (1977), the Florida Probate Code, tells us that procedural *489 rights under the Probate Code apply prospectively whereas vested substantive rights remain unaffected and are determined by the law in effect at the time of death. See also In re Estate of Reed, 354 So.2d 864 (Fla. 1978); In re Estate of Rincon, 327 So.2d 224 (Fla. 1976); In re Estate of Geringer, 300 So.2d 710 (Fla.3d DCA 1974), cert. denied, 311 So.2d 114 (Fla. 1975); In re Roger's Estate, 171 So.2d 428 (Fla.2d DCA 1965). Encarnacion Luaces de Garcia died on February 21, 1979; thus the law in effect at the time of her death, the 1976 Florida Probate Code, governs this proceeding.
Section 732.702 provides that a right of election may be waived:
(1) The right of election of a surviving spouse, the rights of the surviving spouse as intestate successor or as a pretermitted spouse, and the rights of the surviving spouse to homestead, exempt property, and family allowance, or any of them, may be waived, wholly or partly, before or after marriage, by a written contract, agreement, or waiver, signed by the waiving party. Unless it provides to the contrary, a waiver of "all rights," or equivalent language, in the property or estate of a present or prospective spouse, or a complete property settlement entered into after, or in anticipation of, separation, dissolution of marriage, or divorce, is a waiver of all rights to elective share, intestate share, pretermitted share, homestead property, exempt property, and family allowance by each spouse in the property of the other and a renunciation by each of all benefits that would otherwise pass to either from the other by intestate succession or by the provisions of any will executed before the waiver or property settlement.
(2) Each spouse shall make a fair disclosure to the other of his or her estate if the agreement, contract, or waiver is executed after marriage. No disclosure shall be required for an agreement, contract, or waiver executed before marriage.
(3) No consideration other than the execution of the agreement, contract, or waiver shall be necessary to its validity, whether executed before or after marriage.
§ 732.702, Fla. Stat. (1977).
Appellee maintains that his waiver in the antenuptial agreement did not relinquish his claim to "after-acquired rights", and, he argues, he may therefore assert a claim to rights first created by law in 1976 despite his waiver. We disagree for reasons based on logic as well as law. It is obvious that at the time the husband relinquished his rights he could not predict the condition or size his wife's estate would attain twenty years later. He was, in effect, surrendering rights to unknown or undetermined assets, not only because the future is unforeseeable, but also because under section 732.702, Florida Statutes (1977), disclosure in antenuptial agreements is unnecessary.
While it is generally true that a waiver is the intentional relinquishment of known rights, Gulf Life Insurance Co. v. Green, 80 So.2d 321 (Fla. 1955), by a party in possession of all material facts, Fireman's Fund Insurance Co. v. Vogel, 195 So.2d 20 (Fla.2d DCA 1967), a waiver of rights in an antenuptial agreement is a different matter. See generally Hockenberry v. Donovan, 170 Mich. 370, 136 N.W. 389 (1912); In re McGlones Will, 17 N.Y.S.2d 316, 258 App. Div. 596, rev'd on other grounds, 284 N.Y. 527, 32 N.E.2d 539 (1940), aff'd Irving Trust Co. v. Day, 314 U.S. 556, 62 S.Ct. 398, 86 L.Ed. 452 (1942). The absence of a statutory disclosure requirement for antenuptial agreements[2] helps to persuade us that a spouse may waive a right to unknown assets.
We therefore hold that Carlos Garcia relinquished his right to an elective share of his wife's estate, a right created by the legislature subsequent to the execution of the antenuptial agreement in which he waived claims to her assets. The waiver provisions of the statute in effect at the *490 time of her death, section 732.702, Florida Statutes (1977), apply.[3] The antenuptial agreement was a written agreement signed by the husband as required by the statute. Thus, the husband's waiver of "any claim" waived his right to an elective share.
Turning to the cross-appeal, we find no error in the trial court's decision denying homestead. Carlos Garcia waived all claims, including his right to homestead, in the antenuptial agreement. The parties clearly stated their intent in the opening portions of their antenuptial agreement. Courts are not free to interfere. Potter v. Collin, 321 So.2d 128 (Fla.4th DCA 1975), cert. denied, 336 So.2d 1180 (Fla. 1976).
For these reasons, we reverse the summary judgment entered by the trial court insofar as it granted Carlos Garcia an elective share.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
NOTES
[1] Section 732.201, Florida Statutes (1977):

732.201 Right to elective share.  The surviving spouse of a person who dies domiciled in Florida shall have the right to a share of the estate of the deceased spouse as provided in this part, to be designated the elective share.
[2] § 732.702(2), Fla. Stat. (1977). See In re Estate of Reed, supra.
[3] The inchoate right of dower is a creation of the legislature which may modify or abolish it at will. In re Estate of Donner, 364 So.2d 742 (Fla.3d DCA 1978). Dower vests upon the death of the spouse. In re Ginsberg's Estate, 50 So.2d 539 (Fla. 1951).