BASKIN, Judge.
The issue to be determined in this appeal from the entry of summary judgment in *40 favor of appellees pertains to a subcontractor’s immunity from liability for the negligent acts of an employee which resulted in injury to an employee of another subcontractor. Is the subcontractor who employed the individual who injured the employee of another subcontractor immune from suit under sections 440.10 and 440.11, Florida Statutes (1977) when both subcontractors are subsidiaries of the same general contractor? We hold that under these circumstances section 440.10(1) provides no immunity for the subcontractor. We reverse.
Juan De Armas, an employee of Southwest Contracting Company, was injured by an employee of P. J. Constructors, Inc. Pan American Construction Company, the general contractor, owned 51% of P. J. Constructors, Inc. and 100% of Southwest Contracting Company. In a lawsuit brought by De Armas against P. J. Constructors, Inc., the court ruled that Pan American’s ownership of both P.J. and Southwest entitled P.J. to immunity from suit under the workmen’s compensation laws. The court was also persuaded by the fact that Pan American and both subcontractors appeared as named insureds under the workmen’s compensation policy. The trial court granted summary judgment in favor of P.J. This appeal ensued.
Section 440.10(1), Florida Statutes (1977) provides:
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors . . . shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees .... A subcontractor is not Hable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness of liability provisions of s. 440.11 from action of law ... on account of injury of such employee of another subcontractor. (Emphasis supplied).
The plain language of the statute contains no extension of the general contractor’s immunity to a corporation it owns in whole or in part. When section 440.10(1) was amended in 1974 to include a right of action against a subcontractor,[1] it established for the first time that subcontractors no longer enjoyed immunity for injuries inflicted by employees on employees of other subcontractors. Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla.1977); Martel v. Gibeaut, Inc., 330 So.2d 493 (Fla. 4th DCA 1976).
Although De Armas could not sue his employer, Southwest, or Pan American, he has, under section 440.10, a right to bring an action against a subcontractor standing in a horizontal relationship to his employer. Despite Pan American’s partial ownership of P.J., P.J. remained a separate corporation with a separate legal identity. Unijax, Inc. v. Factory Insurance Association, 328 So.2d 448 (Fla. 1st DCA), cert. denied, 341 So.2d 1086 (Fla.1976); Gladding Corporation v. Register, 293 So.2d 729 (Fla. 3d DCA 1974), cert. discharged, 322 So.2d 911 (Fla. 1975). We see no reason to pierce the corporate veil. See Roberts’ Fish Farm v. Spencer, 153 So.2d 718 (Fla.1963); Naranja Rock Co. v. Dawal Farms, 74 So.2d 282 (Fla.1954).
We reject appellees’ contention that Goldberg v. Context Industries, Inc., 362 So.2d 974 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 459 (Fla.1979) controls the situation before us. Although Goldberg discusses common employment immunity, it is unrelated to the statutory provision pertaining to subcontractors upon which we base our decision.
Finding no bar to suit by appellants, we reverse the summary judgment entered by the trial court and remand for further proceedings.

. Ch. 74-197 § 6, Laws of Fla.