LETTS, Chief Judge.
Involved here is an appeal by a Workers’ Compensation Carrier, denied equitable distribution which it claimed under Section 440.39(3)(a), Florida Statutes (1977). We reverse.
Briefly, we reiterate what many decisions have already held. Section 440.-39(3)(a), Florida Statutes (1977) permits the carrier to recover “100 percent of what it has paid and future benefits to be paid[1] unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage & collectibility.” (emphasis supplied).
In this case, the Plaintiff presented no evidence whatever to demonstrate that he was unable to collect any part of his damages from the individual assets of the tort-feasor. Therefore, the trial judge was in error. See Safeco Insurance Company v. Sarkisian, 389 So.2d 1088 (Fla. 4th DCA 1980); Maryland Casualty Co. v. Whitley, 375 So.2d 18 (Fla. 1st DCA 1979); Edmondson v. Swope, 395 So.2d 553 (Fla. 5th DCA 1981); Ramar-Dooley Construction Company v. Norris, 341 So.2d 546 (Fla. 2d DCA 1977).
There is another facet to this appeal however. The plaintiff also argues that the *1327 governing edition of the subject statute was the 1974 statute which allowed only a 50 percent recovery rather than the 1977 version which increased it to 100 percent, effective July 1st, 1977. As the plaintiff notes, the accident occurred at the end of May 1977 approximately one month prior to the effective date of the current amendment. However, in the case now before us, the suit was first filed in 1979 long after the 100 percent amendment.
The wording of the latest statutory amendment is certainly susceptible to the interpretation that the controlling date was intended to be that on which suit is first filed. Yet the language employed is far from unequivocal and as Judge Downey said in Martel v. Gibeaut, Inc., 330 So.2d 493 (Fla. 4th DCA 1976) “... statutes are not generally applied retrospectively unless that is the clear intention of the legislature.” Moreover in this very same Martel v. Gibeaut case, the opinion, quoting our own Supreme Court, said:
It is well established in Florida that the substantive rights of the respective parties under the Workmen’s Compensation Law are fixed as of the time of the injury to the employee. Id. at 494, emphasis supplied.
We therefore conclude that because the accident occurred prior to the 100 percent statutory amendment, the previous 50 percent statute is applicable to the case now before us.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
ANSTEAD and HURLEY, JJ., concur.

. The previous 1974 statute permitted a 50 percent recovery, as will be more fully discussed hereafter.