THOMPSON, Judge.
On this appeal from an Order denying a Motion to Quash Juror Subpoena, the appellant contends that a portion of § 40.013(4), Fla.Stat. (1979), violates the Equal Protection Clause of the Fourteenth Amendment. We agree and hold that a portion of this statute in unconstitutional.
The appellant is a 29 year old widower and the father of a 3 year old boy. The appellant does not work, but he attends school and spends 21 hours a week away from home as a student. In late 1980, he received a notice to appear for jury service. The appellant requested to be excused on the basis of § 40.013(4), Fla.Stat., which provides in part that “mothers who are not employed full time with children under 15 years of age, upon request, shall be excused from jury service.” His request was denied.
The appellant filed a Motion to Quash Juror Subpoena, invoking § 40.013(4), Fla. Stat., and alleging that but for his sex, he would qualify for excusal from jury service. A hearing was held, and the trial court issued an Order denying the appellant’s motion. The appellant subsequently reported for jury service.
Initially, we note that the appellees have raised numerous arguments questioning whether this court may properly review the constitutionality of § 40.013(4), Fla.Stat. We have carefully considered those arguments and we have determined that the constitutional issue is properly before us.
In Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), the Supreme Court stated that “classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives.” Id. at 197, 97 S.Ct. at 457 (Brennan, J., plurality). Based on the briefs and the oral arguments in this case, the parties implicitly agree that the only sufficiently important and valid governmental objective herein is to ensure that the civil obligation of jury service will not interfere with child-rearing responsibilities. However, § 40.013(4), Fla.Stat., fails to either validly serve or achieve this purpose because the statute does not extend its benefits to fathers and their children.
The statute’s underinclusive scope is not based upon “clear differences between the sexes. . . . ” Michael M. v. Superior Court of Sonoma County, 450 U.S. 464, 101 S.Ct. 1200, 1209, 67 L.Ed.2d 437 (1981) (Stewart, J., concurring). See, e. g., id. 101 S.Ct. at 1204-06 (Rehnquist, J., plurality); Rostker v. Goldberg, - U.S. -, 101 S.Ct. 2646, 2655-58, 69 L.Ed.2d 478 (1981). Instead, the statute is premised upon impermissible sexual stereotypes. See, e. g., Stanton v. Stanton, 421 U.S. 7, 14-15, 95 S.Ct. 1373, 1377-78, 43 L.Ed.2d 688 (1975). As the Supreme Court stated in Weinberger v. Wiesenfeld, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975), “a father, no less than a mother, has a constitutionally protected right to the ‘companionship, care, custody, and management’ of ‘the children he has sired and raised...,’” and the child-rearing responsibilities of men can be just as great as for women. Id. at 652, 95 S.Ct. at 1235 (citation omitted). Additionally, the fact that there may be many more women than men in a home child-care situation does not save § 40.013(4), Fla.Stat., from constitutional attack — such “predictive empirical relationships” have not justified other gender-based statutes. See Craig, 429 U.S. at 202, esp. n. 13, 97 S.Ct. at 459, esp. n. 13; Wiesenfeld, 420 U.S. at 645, 95 S.Ct. at 1232.
Based on the preceding analysis, we hold that § 40.013(4), Fla.Stat., is unconstitutional insofar as it provides that “mothers, who are not employed full time with children under 15 years of age, upon request, shall be excused from jury service.” Our holding has no effect upon that portion of § 40.- *1087 013(4), Fla.Stat., which allows “expectant mothers” to be excused from jury service upon request.
ROBERT P. SMITH, Jr., C. J., and JOA-NOS, J., concur.