418 So.2d 264 (1982)
ALACHUA COUNTY COURT EXECUTIVE, et al., Appellants,
v.
Kirk ANTHONY, Alachua County Juror No. 006, Appellee.
No. 61209.
Supreme Court of Florida.
July 29, 1982.
*265 Jim Smith, Atty. Gen., and Bruce Barkett, Asst. Atty. Gen., Tallahassee, for appellants.
Thomas W. Kurrus of Law Office of Larry G. Turner, P.A., Gainesville, and Bill Salmon, Gainesville, for appellee.
OVERTON, Justice.
This is an appeal from a decision of the First District Court of Appeal reported as Anthony v. Alachua County Court Executive, 403 So.2d 1085 (Fla. 1st DCA 1981), which declared unconstitutional that part of section 40.013(4), Florida Statutes (1979), which provides, upon request, an automatic exemption from jury service for "mothers who are not employed full time with children under 15 years of age." We have jurisdiction. Art. V, 3(b)(1), Fla. Const. The decision of the district court is correct, and we affirm.
Appellee Anthony is a widower with a three-year-old son. He is not employed full time, but attends school approximately twenty hours per week. In the fall of 1980, appellee was summoned to jury duty. He requested that he be excused under the provisions of section 40.013(4) because he was a father who was not employed full time with a child under fifteen years of age. The trial judge denied the request because appellee was not a "mother," as required by the statute. Appellee then moved to quash the jury summons, arguing the unconstitutionality of the gender-based classification in section 40.013(4). The trial court denied the motion, and appellee filed a petition for declaratory judgment and for injunctive relief. The trial judge treated the petition alternatively as a motion for reconsideration of the motion to quash, which he denied, and as a petition for declaratory judgment and injunctive relief, which he found was an improper attempt to seek review of the denial of the motion to quash. On appeal, the district court found that it could properly review the constitutionality of section 40.013(4) and held that that statute contained an unconstitutional gender-based classification.
We reject the state's assertion that the constitutional issue was not properly before the district court. We agree with the district court's determination that, under the circumstances of this case, it could properly consider the facial constitutionality of section 40.013(4).
In considering the constitutional validity of the statute, the district court recognized the principle, expressed in Craig v. Boren, 429 U.S. 190, 197, 97 S.Ct. 451, 456-457, 50 L.Ed.2d 397 (1976), that, to withstand scrutiny under the equal protection clause, "classifications by gender must serve important governmental objectives and must be *266 substantially related to achievement of those objectives." The court determined that the only sufficiently important governmental objective under this statute is to ensure that the civil obligation of jury service will not improperly interfere with child-rearing responsibilities. It found that section 40.013(4) failed to achieve this purpose because the statute does not extend the automatic jury-service exemption to all similarly situated mothers and fathers. The district court concluded that section 40.013(4) is premised upon impermissible stereotypes and that the portion of the statute granting an automatic exemption, upon request, to "mothers who are not employed full time with children under fifteen years of age" is unconstitutional.
The state argues that the statute should be upheld because the exemption is reasonable and bears a rational relationship to a legitimate state interest, claiming that the legislature determined that women continue to have the dominant child-rearing responsibility and that mothers who work part time would suffer greater financial loss if required to miss work for jury service than would fathers in the same position. Citing Shevin v. Kahn, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974), aff'g 273 So.2d 72 (Fla. 1973), the state contends that the gender-based classification at issue is reasonably related to the legitimate state interest in fostering a mother's child-rearing activities and in cushioning the financial hardship jury duty would impose on her.
The state does have a legitimate interest in ensuring that jury duty does not interfere with child-rearing responsibilities and in assuring that children of tender years are not deprived of appropriate care. However, we must agree with the district court's conclusion that this objective is not properly served by a statutory provision granting an automatic exemption for mothers, while excluding fathers with the same responsibilities.
Although section 40.013(4) is not being challenged in this proceeding on sixth amendment grounds, we note that courts look with disfavor on broadly drawn automatic exemptions from jury service. In Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), the United States Supreme Court declared unconstitutional an exemption available upon request to all women because of their important role in the home and family life. In Lee v. Missouri, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979), the Court ordered that the Duren decision be retroactively applied to all juries sworn after the 1975 ruling in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), which set out the basic constitutional guidelines for jury selection.
Our affirmance of the First District Court of Appeal's decision holding this automatic exemption unconstitutional does not mean that individuals, male or female, with child-rearing responsibilities should not be granted an exemption from jury service under the discretionary provisions of section 40.013(6). We expect the trial judges of this state to recognize that one who has the responsibility of caring for small children has a legitimate ground for requesting and receiving an exemption under that section.
The decision of the district court is affirmed.
It is so ordered.
ADKINS, BOYD, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., dissents.