PALMER, J.
Jeanette M. Dinkins (widow) appeals the trial court’s order determining that a provision in her late husband’s trust is not an invalid penalty clause and that a separate trust created for her can be used to satisfy her elective share. We affirm.
The husband’s property at his death was estimated at $24-55 million, including certain assets held in trust. The widow sought a declaratory judgment, challenging the enforceability of the following provision of the husband’s living trust agreement:
Conditional Specific Bequest of Cash If my spouse, JEANETTE M. DIN-KINS, survives me, and if she or her legal representative makes a valid disclaimer of all of her interest in the QTIP Trust created under Article VII of this Trust Agreement, and also makes a valid waiver of her right ... to elect the elective share in my estate, then the Trustee shall distribute five million dollars ($5,000,000.00) to JEANETTE M. DINKINS, outright and free of trust.... My objective is to provide five million dollars ($5,000,000.00) of assets to JEANETTE M. DINKINS, in addition to ... any ... property to which JEANETTE M. DINKINS is entitled as a result of my death, except for the Elective Share.
The widow argued that this provision was an unlawful penalty clause because it would penalize her for taking her elective *603 share by causing her to forfeit the $5 million cash bequest. The trial court rejected this argument, concluding that the provision does not penalize the widow for taking her elective share. We agree.
Florida law invalidates penalty clauses in trusts, declaring: “A provision in a trust instrument purporting to penalize any interested person for contesting the trust instrument or instituting other proceedings relating to a trust estate or trust assets is unenforceable.” § 736.1108(1), Fla. Stat. (2010). The parties agree that a “no contest” clause, under which a beneficiary forfeits his or her devise for contesting a will or trust, is a penalty clause under the statute. The widow argues that the provision here is legally indistinguishable from a no contest clause, and thus invalid, because both threaten the beneficiary with forfeiture of a devise if the beneficiary takes some legal action. We reject this argument because the type of clause here, which provides an optional alternative to a statutory minimum benefit, is unlike a no contest clause due to the different purposes behind the legal right that the beneficiary must forfeit under each type of clause.
Under a no contest clause, in order to receive the devise, the beneficiary must forfeit the right to contest the instrument. But that right is essential to the integrity of the estate disposition process, because beneficiaries must be able to obtain, and courts must be able to provide, a determination of the instrument’s validity. Cf Restatement (Third) of Prop.: Wills & Don. Trans. § 8.5 cmt. b, para. 2 (2003). Thus, a beneficiary cannot be forced to choose between the right to contest an instrument and the right to take under it, and this public policy is codified in section 736.1108(1) and its probate analogue, section 732.517.
On the other hand, under a clause providing an alternative to a statutory minimum benefit, to receive the alternative devise, the beneficiary must forfeit the right to receive the statutory benefit. The purpose of statutory minimum benefits is generally to ensure that surviving family members are provided for and do not become dependent on the public treasury, regardless of the decedent’s intent.[1] Cf. Via v. Putnam, 656 So.2d 460, 462 (Fla.1995); In re Estate of Reed, 354 So.2d 864, 865 (Fla.1978); In re Estate of Magee, 988 So.2d 1, 5-6 & n. 3 (Fla. 2d DCA 2007); 80 Am.Jur.2d Wills § 1396 (2013). This purpose is not thwarted by providing an optional alternative devise, because the beneficiary is free to reject it for any reason, including that it is less valuable than the statutory benefit. The purpose of the statutory benefit is satisfied, because the beneficiary has the ability to choose an option at least as valuable as the statutory minimum. Therefore, unlike a no contest clause, an alternative devise clause does not undermine the purpose of the legal right forfeited, and thus does not penalize the beneficiary for purposes of section 736.1108(1). Cf. Restatement (Second) of Prop.: Don. Trans. § 10.2 (1983).
We also affirm the trial court’s ruling that the separate trust created for the widow can be used to satisfy her elective share.
AFFIRMED.
SAWAYA, J., and APTE, A.S., Associate Judge, concur.

. Statutory minimum benefits include such items as homestead, Art. X, § 4(c), Fla. Const.; elective share, §§ 732.201-.2155, Fla. Stat.; and family allowance, § 732.403.