# Third District Court of Appeal

## State of Florida

Opinion filed December 1, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-738
Lower Tribunal No. 19-34890
_____

**William L. Ramos, Jr.,**
Appellant,

vs.

**Michael Halpern, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Law Office of Hugh J. Morgan, and Hugh J. Morgan; Steven M. Goldsmith, P.A., and Steven M. Goldsmith (Boca Raton), for appellant.

Waldman Barnett, P.L., and Glen H. Waldman, Michael A. Azre, and Julie Levine, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

William Ramos appeals an order dismissing, with prejudice, his four-count amended complaint for failing to post a bond in accordance with the terms of a revocable trust agreement which was the subject of the litigation below.  We hold that, while the trial court did not err in dismissing the first three counts of the amended complaint, it did err in dismissing those counts with prejudice.  We further hold that the trial court erred in dismissing the fourth count, seeking declaratory relief, because the trust's bond requirement did not apply to that cause of action.

The litigation below was initiated by Ramos, a beneficiary of the Matilde Generosa Ramos Revocable Trust ("the Trust"), following the purchase of certain trust assets by Michael Halpern, Esq., an attorney who was also designated as a successor trustee to the Trust.  Under the terms of the Trust, after Matilde Ramos' ("the Grantor") death, Halpern was authorized to purchase, at fair market value, the Grantor's interest in specifically identified assets.  Article VI, Section L.2. of the Trust provided:

> Finally, **no beneficiary under Article IV may contest the purchase price of any interest to be sold to MICHAEL HALPERN, ESQ.,** under the terms of this subparagraph **unless** such beneficiary can demonstrate by clear and convincing evidence that (i) the appraiser did not use a justifiable fair market value for such interest based upon valuation guidance used by the Internal Revenue Service, tax authorities, the Tax Court and other courts in valuing such closely-held interests for Federal estate tax purposes, (ii) that MICHAEL HALPERN, ESQ., improperly influenced the appraisers through improper

2

communications with them and (iii) **the challenging beneficiary places a bond of Two Hundred Thousand Dollars ($200,000) with the court to ensure payment of attorneys' fees** under Fla. Stat. §§ 733.106 and 736.1001 et seq. in the event that the beneficiary is not the prevailing party for such proceedings; it being GRANTOR's intent to minimize any litigation unless it can be shown that the appraiser was improperly influenced by MICHAEL HALPERN, ESQ., and did not value such interest utilizing applicable tax principles then existing; and this subparagraph shall be construed in accordance with GRANTOR's stated intent.

(Emphasis added).

Following the Grantor's death, and Halpern's purchase of certain assets, Ramos filed a complaint (and later, an amended complaint) against Halpern, alleging claims for: (1) breach of fiduciary duty; (2) constructive trust; (3) undue influence and lack of mental capacity; and (4) declaratory judgment. Ramos did not post a bond as required under the terms of the Trust. Halpern filed a motion to dismiss, citing Ramos' failure to comply with the Trust's provision requiring a challenging beneficiary to post a $200,000 bond. The trial court dismissed the amended complaint without prejudice, allowing Ramos sixty days to post a bond. When Ramos again failed to post the bond, the trial court, following a hearing, dismissed the amended complaint (all four counts) with prejudice.

Counts One, Two and Three were each premised upon allegations that Halpern purchased certain assets of the Trust for less than fair market value.

3

These counts clearly fall within the ambit of the Trust provision that "no beneficiary. . . may contest the purchase price of any interest to be sold to Michael Halpern, Esq. unless. . . the challenging beneficiary places a bond of Two Hundred Thousand Dollars ($200,000) with the court to ensure payment of attorney's fees. . .." However, Count Four did <u>not</u> contest the purchase price of Trust assets sold to Halpern. Instead, it sought declaratory relief from the trial court—specifically, a declaration, inter alia, that the $200,000 bond provision in the Trust was an unenforceable penalty under Florida law.[1]

At the hearing, the trial court indicated that Ramos' failure to post the bond during the intervening sixty days required dismissal of the entire amended complaint with prejudice. Ramos argued, however, that he should not be required to post a bond until the court first determined the enforceability of the Trust's bond requirement, as requested in his declaratory judgment claim. Ramos requested the trial court bifurcate the

---

[1] <u>See</u> § 736.1108(1), Fla. Stat. (2013) (providing: "A provision in a trust instrument purporting to penalize any interested person for contesting the trust instrument or instituting other proceedings relating to a trust estate or trust assets is unenforceable"); <u>Dinkins v. Dinkins</u>, 120 So. 3d 601 (Fla. 5th DCA 2013). We note that, while this opinion focuses on the challenge to the Trust's $200,000 bond requirement, Count Four of Ramos' amended complaint seeks a declaration that other provisions contained in the previously quoted portion of Article VI, Section L.2. of the Trust are likewise unenforceable.

4

declaratory judgment count from the other three counts of the amended complaint and expedite the determination of whether the Trust's bond requirement was enforceable under Florida law. The trial court denied this request, determining it did not need to reach the question of the enforceability of the bond provision, and dismissed the entire amended complaint with prejudice for Ramos' failure to post the $200,000 bond.

We hold that the trial court erred in two regards: first, the trial court erred in dismissing the declaratory judgment count for failure to post the $200,000 bond, because the declaratory judgment count did not "contest the purchase price of any interest to be sold" to Halpern, and thus did not trigger the Trust's bond requirement. Second, and given that the declaratory judgment action remained viable, the trial court erred in dismissing the remaining counts with prejudice for failure to post the $200,000 bond. Instead, the trial court's dismissal of those three counts should have remained without prejudice, and the trial court should have proceeded on the declaratory judgment count, which sought a determination of whether the Trust's bond provision was enforceable under Florida law.[2]

---

[2] If the trial court adjudicates the declaratory judgment count and determines the Trust's bond provision is enforceable under Florida law, Ramos would presumably have to post to a bond in order to proceed on his remaining claims, failing which the trial court could dismiss the entire action with prejudice. If the trial court adjudicates the declaratory judgment count and

Accordingly, we reverse the order dismissing the amended complaint with prejudice.  Count Four is hereby reinstated, and the dismissal of counts One, Two and Three shall be without prejudice.  We remand this cause to the trial court for further proceedings consistent with this opinion.

---

determines the Trust's bond provision is unenforceable, Ramos would presumably be permitted to proceed on his remaining claims without having to comply with that condition.  We express no opinion on the merits of this issue.