388 So.2d 216 (1980)
ESTATE of Wendell L. ROBERTS, Deceased.
Willa Mae ROBERTS, Appellant,
v.
Michael W. ROBERTS, Etc., Appellee.
No. 57696.
Supreme Court of Florida.
June 5, 1980.
Rehearing Denied October 15, 1980.
Thomas M. Brady of Wells, Brown & Brady, Pensacola, for appellant.
Harry Lewis Michaels, Tallahassee, for appellee.
ALDERMAN, Justice.
Willa Mae Roberts appeals from a circuit court summary final judgment upholding the constitutionality of section 732.702(2), Florida Statutes (1979),[1] and the validity of an antenuptial agreement. She claims that section 732.702(2) is unconstitutional because it denies access to the courts, due process, and equal protection of the law, in violation of the Florida and federal constitutions. She also contends that there are disputed issues of material fact which preclude the entry of summary judgment. We find no merit in this appeal and affirm the trial judge.
On November 30, 1978, Wendell L. Roberts executed a will devising his estate to his three adult children and nominating his son Michael as personal representative. He bequeathed nothing to Willa Mae, his wife of seven months. Mr. Roberts died December 22, 1978.
The will was admitted to probate, and Michael was appointed personal representative. Mrs. Roberts petitioned the court to set aside homestead and to award a family allowance and elected to take a widow's share. The personal representative objected to these petitions, claiming that Mrs. Roberts had waived all of her rights as a widow in an antenuptial agreement.[2] Mrs. *217 Roberts attacked the agreement's validity, alleging that Mr. Roberts did not make a fair disclosure of his wealth and claiming that section 732.702(2), the statute permitting an antenuptial agreement to be valid without full disclosure, is unconstitutional.
Relying upon Kluger v. White, 281 So.2d 1 (Fla. 1973), Mrs. Roberts argues that section 732.702(2) denies her access to the courts because it abolishes a common law right of action that had existed prior to the adoption of article I, section 21 of the 1968 Florida Constitution. In Kluger, we held that where a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Florida Constitution, or where such right has become a part of the common law of the state pursuant to section 2.01, Florida Statutes, the legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the state to redress for injuries, unless the legislature can show an overpowering public necessity for abolishing such right, and no alternative method of meeting such public necessity can be shown.
Mrs. Roberts relies upon Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962), to establish the common law right of action which she claims has been abolished. In Del Vecchio, we held that for an antenuptial agreement to be valid, it must either make a fair and reasonable provision for the wife, or, alternatively, the wife must receive a full, fair, and open disclosure of the husband's wealth before she signs the agreement. The rule announced in Del Vecchio was legislatively changed by that part of section 732.702(2) which provides: "No disclosure shall be required for an agreement, contract or waiver executed before marriage."
Mrs. Roberts' argument that she has been denied access to the courts is based upon a false premise. The legislature has not abolished the wife's right to sue; it has only altered one of the elements that the court may consider in determining the validity of the antenuptial agreement. Compare Abdin v. Fischer, 374 So.2d 1379 (Fla. 1979). The right to have an antenuptial agreement set aside still exists. For example, if a wife were able to show that her signature on such an agreement had been coerced or otherwise improperly obtained or that she was incompetent at the time she signed, section 732.702(2) would not bar her challenge to the validity of the agreement. We hold that section 732.702(2) does not deny access to the courts in violation of article I, section 21 of the Florida Constitution.
We also reject Mrs. Roberts' argument that the statute violates due process and equal protection provisions of our state and federal constitutions. We find a rational relationship between the classification in section 732.702(2) and the permissible statutory objective of regulating descent of property. The pertinent portion of the statute applies equally to all unmarried people, and it is not discriminatory, arbitrary, or oppressive. The tests to withstand due process and equal protection challenges have been met.
We also conclude that there are no disputed issues of material fact which preclude the entry of summary judgment.
Accordingly, we hold that section 732.702(2) is constitutional and affirm the lower court.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.
NOTES
[1] Section 732.702(2) provides:

Each spouse shall make a fair disclosure to the other of his or her estate if the agreement, contract, or waiver is executed after marriage. No disclosure shall be required for an agreement, contract, or waiver executed before marriage.
[2] Section 732.702(1) provides in pertinent part:

Unless it provides to the contrary, a waiver of "all rights," or equivalent language, in the property or estate of a ... prospective spouse ... is a waiver of all rights to elective share ... homestead property ... and family allowance... .
The Roberts' antenuptial agreement reads in part: "It is the intention that each party relinquish and waive all right, title, interest or claim in or to the property of the other... ."