388 So.2d 1270 (1980)
Goldie TOPPER, As Personal Representative of the Estate of Sarah Liptzen, Appellant,
v.
Joyce STEWART, Phyllis Stone, Shirley Zion, et al., Appellees.
No. 79-1087.
District Court of Appeal of Florida, Third District.
September 23, 1980.
Rehearing Denied November 5, 1980.
Ginsberg & Goldman and Burton Ginsberg, North Miami Beach, for appellant.
Markus & Winter and Laurie S. Silvers, Miami, for appellees.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
PER CURIAM.
Plaintiff, Goldie Topper as personal representative of the Estate of Sarah Liptzen, appeals a final judgment upholding the validity of an antenuptial agreement.
Sarah and Sam Liptzen were married on July 7, 1963. Both parties, being of mature age with grown children from previous marriages and having acquired certain real estate assets and other property, entered into an antenuptial agreement on June 26 prior to their marriage. The agreement provided in pertinent part:
"NOW THEREFORE, IT IS AGREED AS FOLLOWS:
"1. In case SAM LIPTZEN shall predecease SARAH GROSS, then and in such case, she is to receive from his estate, the sum of $10,000.00. This provision is made especially contingent upon SARAH GROSS being the wife and not separated from SAM LIPTZEN at the time of his death.
* * * * * *
"6. The said SARAH GROSS, agrees that she has no rights, including the right of dower, in any real estate now owned by SAM LIPTZEN. However, said SAM LIPTZEN agrees that any property he purchases after the marriage of said parties, that the same be placed jointly in the names of the said parties as tenants by the entirety, subject to all the incidents of ownership as such tenants by the entirety."
Sam died on October 26, 1976 and Sarah passed away shortly thereafter on November 16. Subsequently, Goldie Topper as personal representative of Sarah's estate filed in circuit court the present action seeking an interpretation of the estate's *1271 rights under the antenuptial agreement, or, in the alternative, a voiding of the agreement for Sam's alleged failure to make full and fair disclosure to Sarah. Following a nonjury trial, the court found no evidence to support the allegation of nondisclosure and entered a final judgment upholding the validity of the agreement. Goldie Topper appeals therefrom.
Sam Liptzen having died in October 1976, we find that Section 732.702, Florida Statutes (1975, effective January 1, 1976)[1] is controlling and, therefore, dispositive of this appeal. See Reed v. Reed, 354 So.2d 864, 866 (Fla. 1978). Specifically, subsection 2 of the statute clearly states:
"732.702 Waiver of right to elect and of other rights.-
* * * * * *
"(2) Each spouse shall make a fair disclosure to the other of his or her estate if the agreement, contract, or waiver is executed after marriage. No disclosure shall be required for an agreement, contract, or waiver executed before marriage." [Emphasis Supplied]
Accordingly, we affirm the determination of the trial court that the antenuptial agreement is valid. (Nevertheless, we hasten to point out that Section 732.702, Florida Statutes (1975) is part of the Probate Code and, therefore, would not be applicable to antenuptial agreements which are involved in dissolution of marriage actions.)
With respect to the contention that Sam Liptzen failed to place certain real and personal property acquired during his marriage to Sarah in joint names as required by the agreement, we believe that question should be determined by the probate division of the circuit court.
In light of our disposition of the disclosure issue, we need not consider the remaining points on appeal. Thus, we affirm the final judgment of the court below.
Affirmed.
NOTES
[1] See Roberts v. Roberts, 388 So.2d 216 (Fla. 1980), upholding the constitutionality of the statute.