MILLS, Chief Judge,
concurring in part and dissenting in part:
Just before the parties were married in 1965 they executed an antenuptial agreement. After the wife filed for dissolution of marriage and claimed alimony, the husband pleaded the antenuptial agreement as an affirmative defense to the claim for alimony, asserting that he had made a full and complete disclosure of assets and liabilities. She replied that there had been no disclosure of assets and liabilities at the time of the execution of the agreement and of the marriage. After trial, the final judgment found that the agreement was invalid for lack of disclosure.
The issues raised in this appeal are (1) whether Section 732.702, Florida Statutes (1977), is applicable to dissolution of marriage proceedings and (2) if not, whether the trial judge improperly paced the burden of proof on the husband.
I agree with the majority that Section 732.702 is not applicable to dissolution of marriage proceedings. I reach this conclusion based on the fact that Section 732.702 is contained within Part VII of Chapter 732, which is entitled, “Contractual Arrangements Relating to Death.” (emphasis added) and 732.702 itself is entitled, “Waiver of Right to Elect and of other Rights,” and specifically relates to rights of surviving spouses where death has occurred. In addition, this statute was enacted into law as part of the Probate Code, Chapter 74-106, Laws of Florida, which was “[a]n act relating to affairs of decedents, missing persons, minors and certain others.”
My decision as to the inapplicability of 732.702 is consistent with that of the Third District Court of Appeal in Topper v. Stewart, 388 So.2d 1270 (Fla.3d DCA 1980). See also Drafting Marriage Contracts in Florida, The Florida Bar Continuing Legal Education (1977), § 2.18 and Appendix B, page 149.
I join with the majority in certifying the question to the Supreme Court.
*304 Having held that Section 732.702 is inapplicable to this case, then the question raised is whether the trial court improperly placed the burden of proof of disclosure on the husband.
Under the case law regarding antenuptial agreements and the requirement that the spouse seeking the agreement disclose his or her assets prior to securing the other party’s signature, the husband here had the burden to go forth with evidence of disclosure only if the agreement on its face does not appear to have made provision for the wife proportionate to the husband’s means. Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla.1962); Posner v. Posner, 257 So.2d 531 (Fla.1972). The final judgment specifically recites that the agreement was “patently valid.” Thus, the burden was on the wife to go forth with evidence of nondisclosure.
In this case, however, the determination of where the burden lay does not lead easily to a conclusion as to whether the trial court properly or improperly placed the burden of establishing disclosure or nondisclosure; for the relevant paragraph of the final judgment states:
That the antenuptial agreement pled by the Husband in bar of the Wife’s claim to alimony is patently valid. However, there is an absence of evidence that the Husband disclosed to the Wife (or that she otherwise had specific knowledge of) the nature or extent of his assets and resources prior to the execution of the agreement. Therefore the antenuptial agreement must be held invalid as a matter of law. Del Vecchio v. Del Vecchio, 143 So.2d 17, Posner v. Posner, 233 So.2d 381, and 257 So.2d 530.
If the wife did not carry her burden of initially showing nondisclosure, then it appears that the trial court placed an improper burden on the husband because an absence of evidence on his behalf would not require a finding of invalidity. On the other hand, this paragraph could be read to mean that the wife did meet her burden and, because of the absence of evidence of disclosure by the husband, the agreement must be found to be invalid.
If the former is an accurate interpretation of the judgment, then this cause should be reversed and remanded for reconsideration in light of the ruling on the proper placement of the burden of proof. If the latter is an accurate interpretation, then the cause should still be reversed and remanded because the trial court overlooked evidence in the record that the husband did disclose to the wife the nature or extent of his assets and resources prior to the execution of the agreement.
While I realize that the husband’s testimony was contradicted by the wife’s testimony and that his testimony on deposition was, arguably, impeached to some extent at trial, the fact is that the judgment relies on an absence of evidence. Because there is no absence of evidence and because the trial court overlooked the husband’s testimony, in my judgment, this case should be reversed and remanded for consideration in light of this finding. A determination of the credibility of the witnesses is clearly the responsibility of the trier of fact, and I do not here wish to intrude on the prerogative of the trial court.