439 So.2d 1016 (1983)
Marion B. COLEMAN, Petitioner, Appellant,
v.
The ESTATE OF Howard S. COLEMAN, Deceased, et al., Respondent, Appellee.
No. AS-13.
District Court of Appeal of Florida, First District.
October 31, 1983.
*1017 Dennis H. Sabourin of Scruggs & Carmichael, Gainesville, for appellant.
Anderson E. Hatfield, Gainesville, for appellee.
JOANOS, Judge.
When appellant and Howard Coleman married in 1978 they were 57 and 73 years old, respectively. Before the marriage they signed an antenuptial agreement which provided, among other things, that each party entered the agreement with full disclosure by the other and with full knowledge of the extent and probable value of the estate of each. Each released any right to the estate of the other and acknowledged each other's existing wills.
On March 3, 1982, Howard died. His will made no provision for appellant. Appellant filed a document entitled "Election of Surviving Spouse's Elective Share Under Florida Statutes § 723.201." The Estate moved to strike the petition for elective share alleging appellant relinquished all claims against the Estate in the antenuptial agreement. In her response, appellant basically asserted that Howard failed to disclose his actual worth and requested the court to void the antenuptial agreement.
The trial court granted the Estate's motion to strike appellant's petition for elective share, finding the antenuptial agreement valid. The trial court denied appellant's motion to amend her pleadings finding her additional assertions seeking to avoid the agreement to be without substance.
Appellant argues that if any of the points listed in her request for leave to amend *1018 might constitute valid avoidance of the agreement, the trial court abused its discretion in refusing leave to amend.
Appellant's arguments center around Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962) and the effect on that case of Section 732.702, Florida Statutes. In Del Vecchio the court held, in the probate context, that in order for an antenuptial agreement to be valid, it must contemplate fair and reasonable provision for the wife or full and fair disclosure to her, before signing the agreement, of the husband's worth, or absent disclosure, a general knowledge by her of the husband's property. This rule was extended to the dissolution context in Posner v. Posner, 233 So.2d 381 (Fla. 1970). Subsequent to these decisions, however, the legislature added Section 732.702(2) pertaining to antenuptial agreements and a surviving spouse's rights:
Each spouse shall make a fair disclosure of the other of his or her estate if the agreement, contract, or waiver is executed after marriage. No disclosure shall be required for an agreement, contract, or waiver executed before marriage. (e.s.)
This nullified the holding in Del Vecchio in the probate context. See Weintraub v. Weintraub, 417 So.2d 629 (Fla. 1982); Flagship National Bank v. King, 418 So.2d 275 (Fla. 3d DCA 1982).
Appellant has attempted to set forth two requirements derived from Del Vecchio  (1) disclosure, and (2) knowledge of the rights being waived, and to argue that only the first requirement has been abrogated by statute. It has been held, however, that in "[t]he absence of a statutory disclosure requirement for antenuptial agreements ... a spouse may waive a right to unknown assets." Estate of Garcia v. Garcia, 399 So.2d 486 (Fla. 3d DCA 1981).
Appellant also relies on language in Estate of Roberts 388 So.2d 216 (Fla. 1980), that "[t]he legislature has not abolished the wife's right to sue; it has only altered one of the elements that the court may consider in determining the validity of an antenuptial agreement." The Roberts court also said, "[t]he right to have an antenuptial agreement set aside still exists. For example, if a wife were able to show that her signature on such an agreement had been coerced or otherwise improperly obtained or that she was incompetent at the time she signed, section 732.702(2) would not bar her challenge to the validity of the agreement." Appellant has not suggested similar attacks on the validity of the instant agreement, however, her challenges are all variations on the disclosure theme.
Appellant argues her husband affirmatively misled her as to his worth and that this situation is not encompassed within the non-disclosure rule. Appellee responds that appellant's allegations of affirmative misrepresentation, consisting of Howard's alleged statements to her, would be inadmissible because of the Dead Man Statute, and we agree. Section 90.602(1), Florida Statutes provides:
No person interested in an action or proceeding against the personal representative, heir-at-law, assignee, legatee, devisee, or survivor of a deceased person ... shall be examined as a witness regarding any oral communication between the person and the person who is deceased... .
Appellant does not fit within any of the exceptions to this provision listed in section 90.602(2). See Estate of Parson, 416 So.2d 513 (Fla. 4th DCA 1982).
Finally, appellant argues that by the terms of the agreement, Howard agreed to make full disclosure as a condition precedent to the agreement despite the statutory provision that no disclosure is required. The agreement states:
Each party does specifically agree that this agreement is entered into with a full disclosure by the other and with a full knowledge by the other of the extent and probable value of the estate of each and all rights conferred by law upon each party in the estate of the other by virtue of the said marriage.
We agree with appellee, however, that this was not an agreement to disclose nor a condition precedent to the agreement but a *1019 statement that disclosure had been made before the parties entered the agreement and a waiver as to any other rights of disclosure.
To summarize, since no disclosure is required in order for an antenuptial agreement to be valid in the probate context, and appellant's arguments focus on disclosure, we think the trial court did not abuse its discretion in denying leave to amend.
AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.