449 So.2d 918 (1984)
Sally D. MOLDOFSKY, Appellant,
v.
Susan M. STREGACK, As Personal Representative of the Estate of Manuel Moldofsky, Deceased, Appellee.
Nos. 83-1725, 83-1754.
District Court of Appeal of Florida, Third District.
April 24, 1984.
Rehearing Denied May 30, 1984.
*919 Shorenstein & Lewis and Marvin Lewis, Miami, for appellant.
Ferdie & Gouz and Ainslee Ferdie, Coral Gables, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
This is a consolidated appeal from a decision of the probate court striking the appellant widow's election to take an elective share and the general jurisdiction court's order dismissing her complaint to set aside an antenuptial agreement. The sole question presented is whether section 732.702, Florida Statutes (1983), which eliminates the need for fair disclosure for a valid antenuptial agreement in the probate context, precludes the surviving spouse from challenging such an agreement on the grounds of fraudulent nondisclosure. We reverse.
In the present case, the widow timely filed a notice of elective share, pursuant to section 732.212, Florida Statutes (1983). The personal representative moved to strike this election, attaching to the motion an antenuptial agreement. In this agreement, the widow and the decedent had purportedly waived all rights in one another's estates. The widow attacked the validity of the agreement, claiming the decedent had affirmatively misled her as to his actual assets in obtaining her assent. Despite this contention of fraud, the probate court granted the motion to strike. In the interim between the motion to strike and the hearing thereon, the widow had filed an action for cancellation of the antenuptial agreement on the ground of fraud in the general jurisdiction division. Following the probate division's ruling on the motion to strike, the general jurisdiction division dismissed the action for cancellation with prejudice on the grounds of res judicata and mootness.
Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962), established the common law rule that in order for an antenuptial agreement to be valid, the husband must make either a fair and reasonable provision for his spouse or a fair and full disclosure of his assets prior to execution of the agreement. In Estate of Roberts, 388 So.2d 216 (Fla. 1980), the supreme court acknowledged that section 732.702 abrogated the disclosure requirement in a probate context. Accord Weintraub v. Weintraub, 417 So.2d 629 (Fla. 1982). The court noted, however, that "[t]he legislature has not abolished the wife's right to sue; it has only altered one of the elements that the court may consider in determining the validity of the antenuptial agreement." Estate of Roberts, 388 So.2d at 217.
We must determine if this elimination of the disclosure requirement includes fraudulent nondisclosure. At common law, simple nondisclosure ordinarily did not constitute actionable fraud. See Ramel v. Chasebrook Construction Co., 135 So.2d 876 (Fla. 2d DCA 1961); Sutton v. Crane, 101 So.2d 823 (Fla. 2d DCA 1958). However, when a party voluntarily assumed the duty to disclose, any suppression or disguise of, or distraction from the truth rendered the matter actionable. Kitchen v. Long, 67 Fla. 72, 64 So. 429 *920 (1914); Nessim v. DeLoache, 384 So.2d 1341 (Fla. 3d DCA 1980). Even though a party owed no duty to disclose facts, if he undertook to do so the common law required disclosure of the whole truth. Ramel v. Chasebrook Construction Co.
The voluntary assumption of the duty of disclosure then is quite different from having no duty to disclose at all. Consequently, if only the element of disclosure has been eliminated by section 732.702, that should not insulate a false promise or perverted disclosure from a decedent where he voluntarily assumed the duty to disclose. A would-be spouse is under no duty to make any disclosure, and if the marriage is contracted in that context, the statute will insulate him or his estate. The statute, however, cannot and should not protect one who voluntarily averts the truth and thereby misleads a party into contracting the marriage.
Our primary concern in the realm of statutory interpretation is to vindicate the legislative intent. Flagship National Bank of Miami v. King, 418 So.2d 275, 278 (Fla. 3d DCA 1982). The legislative purpose in adopting section 732.702(2) was to abrogate the long-established common law rule which required fair disclosure prior to execution of premarital contracts. Estate of Roberts; Weintraub. The legislature could not have intended, however, that the statute preclude a challenge of a contract fraudulently executed. In adopting the nondisclosure provision, the legislature obviously had knowledge of the existing body of law. The law's abhorrence of fraud is so strong that had the legislature intended to abrogate fraudulent nondisclosure as well as simple nondisclosure, it would have done so expressly.
The most common grounds for setting aside any contract are the use of fraud, duress or undue influence in obtaining apparent assent. 11 Fla.Jur.2d 328 Contracts § 35. In finding section 732.702(2) constitutional, the supreme court declared that:
[t]he right to have an antenuptial agreement set aside still exists. For example, if a wife were able to show that her signature on such an agreement had been coerced or otherwise improperly obtained or that she was incompetent at the time she signed, section 732.702(2) would not bar her challenge to the validity of the agreement. (emphasis added)
Estate of Roberts, 388 So.2d at 217. See Ellis First National Bank of West Pasco v. Downing, 443 So.2d 337 (Fla. 2d DCA 1983). Since fraud is a long-standing ground for setting aside contracts, we are of the opinion that the court meant for fraud to be encompassed within the phrase emphasized above. Furthermore, this court has previously indicated that the intent of the legislature in inserting the writing requirement in section 732.702 was to safeguard against fraudulent claims. Flagship National Bank, 418 So.2d at 278. It is therefore apparent that this court still considers fraud a relevant consideration under the statute.
The appellee in the present case relies heavily upon the decision of our sister court in Coleman v. Estate of Coleman, 439 So.2d 1016 (Fla. 1st DCA 1983). Coleman pointedly suggests that section 732.702(2) precludes the challenge of an antenuptial agreement on the ground of fraudulent nondisclosure in a probate context. The actual holding of the court, however, was that the challenge to the antenuptial agreement on the basis of affirmative nondisclosure was foreclosed because the only available proof thereof was barred by the dead man statute. § 90.602, Fla. Stat. (1983). In other words, the court simply held that fraudulent nondisclosure could not be proven. To the extent Coleman may be interpreted to condone fraudulent nondisclosure under section 732.702(2), we elect not to follow it. See State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976).
For the reasons set out above, we hold that an antenuptial agreement can be challenged on the ground of fraudulent nondisclosure, and such a challenge is not barred in a probate context by the nondisclosure provision of section 732.702(2), Florida Statutes (1983). We therefore reverse *921 the orders under review and remand the cause for further proceedings.
BARKDULL, Judge, dissenting.
I respectfully dissent. The agreement in question reads in part as follows:
* * * * * *
"WHEREAS, the parties to this agreement contemplate entering into marital relations with each other; and
WHEREAS, Manuel is the owner of real and personal property in his own right, and
WHEREAS, Sally is the owner of personal property in her own right, and
WHEREAS, Manuel has a daughter, SUSAN RHODA MALDON, who is the issue of a former marriage, and
WHEREAS, the parties to this agreement desire that their marriage shall not in any way change their existing legal rights or the existing legal rights of Manuel's daughter or Sally's heirs in the real and personal property of each of them, and
WHEREAS, the purpose and intent of this agreement is to fully, perfectly and completely define and limit the claims and demands which each of the parties to this agreement shall have against the estate of the other,
NOW, THEREFORE, it is mutually agreed as follows:
1. All of the recitals hereinabove set forth are hereby embodied in and made a part of this agreement.
* * * * * *
3. In consideration of the marriage if Sally shall survive Manuel she shall not as surviving wife make any claim to any part or share of the real and/or personal estate of which Manuel may die seized or possessed or have power of appointment; and Sally, in further consideration of said marriage, hereby waives and relinquishes all claims to any allowance, dower or any other right in and to the real and personal estate of Manuel; and waives and relinquishes all claims to any and all property, both real and/or personal, to which the said daughter of Manuel may be entitled, by reason of his decease, as beneficiary under any insurance policies or under Manuel's membership in the New York State Retirement System.
4. Neither party hereto by virtue of said marriage shall have or acquire any right to claim in and to the real or personal estate of the other, but the estate of each shall descend to or vest in his or her heirs-at-law, legatees or devisees as may be directed by his or her Last Will and Testament or, in default on such Last Will and Testament, by the law then in force as though no marriage had ever taken place between the parties.
* * * * * *
8. Each party to this agreement represents to the other that each has had the advice of and has consulted with independent counsel.
* * * * * *"
The agreement was prepared in 1966 at the request of the appellant, by her lawyers and no complaint about its terms was made during the lifetime of Manuel Moldofsky. He passed away in 1982 and I would sustain the trial judge upon the following authority: Weintraub v. Weintraub, 417 So.2d 629 (Fla. 1982); Ellis First National Bank of West Pasco v. Downing, 443 So.2d 337 (Fla. 2d DCA 1983); Coleman v. Estate of Coleman, 439 So.2d 1016 (Fla. 1st DCA 1983).