464 So.2d 1197 (1985)
Lisa EVERED and John E. Edsell, Jr., Co-Personal Representatives of the Estate of Ralph James Edsell, Jr., Deceased, Petitioners,
v.
Mary June EDSELL, Respondent.
No. 65296.
Supreme Court of Florida.
February 28, 1985.
*1198 W. Peter Burns and Nancy E. Swerdlow of Steel, Hector & Davis, Miami, and Andrew M. Tobin, Tavernier, for petitioners.
Joseph F. Jennings of Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, Miami, for respondent.
ALDERMAN, Justice.
Petitioners, Lisa Evered and John Edsell, seek review of the decision of the District Court of Appeal, Third District, in Estate of Edsell, 447 So.2d 263 (Fla. 3d DCA 1983), which expressly and directly conflicts with Ellis First National Bank v. Downing, 443 So.2d 337 (Fla. 2d DCA 1983).
Respondent Mary Edsell and the decedent met in 1978 when she was a guest at a resort owned and operated by the decedent in Islamorada. A relationship developed, and they lived together for approximately three years prior to their marriage. The parties planned a small wedding, and all the necessary arrangements were made. On the day before the wedding, the decedent wrote out in longhand an antenuptial agreement which, among other things, waived each party's rights in the other's estate. Respondent then typed the instrument at the decedent's request, and both parties signed it with no one else present. At the time of this agreement, respondent's assets totalled approximately $15,200 while the decedent's estate totalled $641,000 at the date of his death.
The issue as stated by the District Court of Appeal, Third District, is whether a pretermitted wife under the husband's will demonstrated by competent evidence that the pre-marital agreement signed by her was a product of her husband's overreaching, thus shifting to the husband the burden of coming forth with evidence that the wife entered into the agreement voluntarily. The court found that the wife carried her burden of showing that the husband's benefit from the pre-marital agreement was grossly disproportionate to hers and that the circumstances surrounding the execution of the agreement were coercive. It held that an involuntary dismissal at the end of the wife's case was erroneous. It extended the application of the presumption in Lutgert v. Lutgert, 338 So.2d 1111 (Fla. 2d DCA 1976),[1] to probate proceedings and held that in this case, applying the Lutgert presumption, the burden of proof shifted to the husband to come forward with evidence on the issue of voluntariness. We quash the decision of the district court.
Petitioners contend that contrary to the decision of the district court, the Lutgert presumption of undue influence or overreaching does not apply to antenuptial agreements contested in probate. As support, petitioners cite Ellis First National Bank v. Downing for the proposition that such a presumption is not warranted under section 732.702, Florida Statutes (1983), which provides in part:
(1) The right of election of a surviving spouse, the rights of the surviving spouse as intestate successor or as a pretermitted spouse, and the rights of the surviving spouse to homestead, exempt property, and family allowance, or any of them, may be waived, wholly or partly, before or after marriage, by a written contract, agreement, or waiver, signed by the waiving party... .
(2) ... No disclosure shall be required for an agreement, contract, or waiver executed before marriage.
In that case, the Second District Court of Appeal expressly limited its decision in Lutgert to dissolution of marriage proceedings and held this presumption inapplicable to probate actions. We agree with the decision of the Second District to the extent that it holds that no such presumption *1199 arises in probate cases,[2] but we do not decide at this time whether such a presumption exists in dissolution of marriage cases because that issue is not presently before us.
Accordingly, we quash the decision of the Third District and remand this case for further proceedings consistent with our opinion.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] In Lutgert, the District Court of Appeal, Second District, held that an antenuptial agreement benefiting one party in a grossly disproportionate manner, together with evidence of coercive circumstances surrounding its execution, raises a presumption of undue influence or overreaching when the validity of that agreement is subsequently contested in a dissolution of marriage.
[2] Although the Lutgert presumption is not available to the surviving spouse, this does not mean that an antenuptial agreement may not be set aside on other grounds. In Estate of Roberts, 388 So.2d 216, 217 (Fla. 1980), we specifically stated:

[I]f a wife were able to show that her signature on such an agreement had been coerced or otherwise improperly obtained or that she was incompetent at the time she signed, section 732.702(2) would not bar her challenge to the validity of the agreement.