474 So.2d 206 (1985)
Susan M. STREGACK, As Personal Representative of the Estate of Manuel Moldofsky, Deceased, Petitioner,
v.
Sally D. MOLDOFSKY, Respondent.
No. 65499.
Supreme Court of Florida.
June 20, 1985.
Rehearing Denied September 12, 1985.
Ainslee R. Ferdie of Ferdie & Gouz, Coral Gables, for petitioner.
Marvin W. Lewis of Shorenstein & Lewis, Miami, for respondent.
McDONALD, Justice.
We have for review Moldofsky v. Stregack, 449 So.2d 918 (Fla. 3d DCA 1984), which directly and expressly conflicts with Coleman v. Estate of Coleman, 439 So.2d 1016 (Fla. 1st DCA 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue here is whether a surviving spouse may challenge an antenuptial agreement based upon fraudulent nondisclosure of assets by a decedent spouse, in light of section 732.702, Florida Statutes (1983), which requires no disclosure for a valid antenuptial agreement in probate. We quash Moldofsky because nondisclosure in any form cannot invalidate an antenuptial agreement in probate proceedings of a deceased spouse.
When Manuel Moldofsky died, his will contained no provision for his wife, Sally Moldofsky, beyond a reference to an antenuptial agreement between them. Mrs. Moldofsky filed a notice of elective share after the circuit court probate division admitted the will to probate. Susan Stregack, Mr. Moldofsky's daughter and personal representative of his estate, moved to strike the notice of elective share based upon an antenuptial agreement executed by the parties, in which Mr. and Mrs. Moldofsky waived all rights in each other's estate. Mrs. Moldofsky then filed an action in the circuit court general jurisdiction division seeking cancellation of the antenuptial agreement for fraud. The probate court struck Moldofsky's motion for elective share. Following this order, the trial court dismissed on mootness and res judicata grounds the pending action to cancel the antenuptial agreement.
The district court reversed both orders on appeal. While acknowledging that section 732.702 eliminated the disclosure requirement for an antenuptial agreement to be valid in probate, the district court held that a surviving spouse could challenge an antenuptial agreement for fraudulent nondisclosure by the deceased spouse. The district court declined to follow the contrary holding in Coleman.
In Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962), this Court held that a valid antenuptial agreement must either contain fair and reasonable provisions for the spouse waiving his or her rights or else the *207 spouse obtaining the waiver of rights must make a full and fair disclosure of assets to the other spouse. Id. at 20. The legislature changed this rule by enacting subsection 732.702(2), which provides: "Each spouse shall make a fair disclosure to the other of his or her estate if the agreement, contract, or waiver is executed after marriage. No disclosure shall be required for an agreement, contract, or waiver executed before marriage." (Emphasis added). We held this statute constitutional against access to courts, due process, and equal protection challenges. Estate of Roberts, 388 So.2d 216 (Fla. 1980).
Relying on subsection 732.702(2), the Coleman court affirmed the denial of a surviving spouse's motion to amend pleadings and attack an otherwise valid antenuptial agreement for nondisclosure by the decedent spouse before execution of the antenuptial agreement. Coleman held that nondisclosure, however pled, could not constitute a basis for invalidating an antenuptial agreement in probate proceedings because the statute required no disclosure in such cases. 439 So.2d at 1018-19. In the present case, on the other hand, the district court interpreted subsection 732.702(2) to eliminate the disclosure duty before marriage, but not the duty that any disclosure be made truthfully. According to the third district, fraudulent nondisclosure would provide a basis to challenge the antenuptial agreement because the surviving spouse's signature was "otherwise improperly obtained" under Roberts. 388 So.2d at 217. We disagree.
Nondisclosure, whether fraudulent or not, is precisely what the legislature intended to eliminate from consideration on the validity of antenuptial agreements. Many older Florida residents want to marry again but also want to keep their assets separate. Often this is the desire of both parties contemplating marriage. Section 732.702 allows complete control over assets accumulated over a lifetime without fear that a partial disclosure before marriage may trigger an unwanted disposition of those assets. We cannot accept the district court decision which rewards the totally silent spouse and punishes the spouse who attempts some disclosure.
We also reject the argument that fraudulent nondisclosure may render the surviving spouse's signature improperly obtained. The quoted language from Roberts would apply where the surviving spouse had been misled about what he or she was signing, i.e., a marriage license application instead of an antenuptial agreement. Such fraud could provide grounds to set aside an antenuptial agreement.
Accordingly, we quash the decision under review and approve Coleman. This cause is remanded for reinstatement of the trial court orders.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN and SHAW, JJ., concur.
EHRLICH, J., dissents with an opinion, in which ADKINS, J., concurs.
EHRLICH, Justice, dissenting.
I cannot disagree with the majority when it says that "nondisclosure in any form cannot invalidate an antenuptial agreement in probate proceedings of a deceased spouse," and with its further holding that fraudulent nondisclosure does not render the surviving spouse's signature improperly obtained. However, that is not what this case is all about.
The case was decided at the pleadings stage of two proceedings. The widow initially filed a timely notice of elective share pursuant to section 732.212, Florida Statutes. The personal representative moved to strike this election, attaching to the motion an antenuptial agreement wherein the parties had purportedly waived all rights in one another's estate. The widow attacked the validity of the agreement, claiming that decedent had affirmatively misled her as to his actual assets in obtaining her assent. The probate court granted the motion to strike. On another front, the widow had filed an action for declaratory judgment in the general jurisdiction division of the circuit court seeking to cancel the antenuptial *208 agreement on the ground of fraud. She alleged that decedent had grossly misrepresented his net worth "stating to plaintiff that he had no assets, when, in truth and in fact, his assets at the time had a net value of approximately two hundred and fifty thousand ($250,000) dollars" and that at the time he made these representations he knew they were false and that plaintiff would be relying on them to her detriment in entering into the antenuptial agreement and that if she had known the truth as to decedent's net worth she would not have entered into the agreement. After the probate division's ruling on the motion to strike, the general jurisdiction division dismissed the action for cancellation with prejudice on the grounds of res judicata and mootness.
The agreement provides in part that decedent "is the owner of real and personal property in his own right" and that "the agreement is entered into by the parties hereto with full knowledge on the part of each of the extent and probable value of all of the property or estate of the other."
Section 732.702, Florida Statutes[1] relieved each party from making a disclosure of his or her assets, and so long as neither made any disclosure, the agreement could not be set aside, but if either party, in my opinion, made any disclosure of his or her assets, then it was incumbent upon that party to make a truthful disclosure and one that was not misleading. The widow alleged fraud on decedent's part and the statute does not protect him from that. Whether she could have proved fraud or not is another matter.
Thus, as I see it, we are not dealing with a case of nondisclosure or fraudulent non-disclosure, but one wherein one of the parties claims that there was a disclosure in fact and that fraud was practiced. She should have had an opportunity to prove her allegations of fraud.
I dissent and would approve the opinion of the district court of appeal.
ADKINS, J., concurs.
NOTES
[1] In pertinent part the statute provides:

no disclosure shall be required for an agreement, contract, or waiver executed before a marriage.