RYDER, Acting Chief Judge.
This appeal is from the trial court’s order granting appellee’s petition for family allowance, as authorized by section 732.403, Florida Statutes (1985). Appellee is the surviving spouse of H. Ransley Sage. Mr. Sage died on February 2, 1986.
On May 25, 1974, appellee and Mr. Sage entered into an antenuptial agreement entitled “Separate Property Agreement.” The agreement, in its totality, states:
THIS AGREEMENT is made this 25th day of May, 1974, between H. RANSLEY SAGE, Skytop, Pennsylvania, and DORIS E. STELL, 1884 Columbia Road, N.W., Washington, D.C.
BACKGROUND
The parties are unmarried and have known each other for a number of years. They have enjoyed each other’s company and contemplate that they may find it convenient to share the same habitation and to travel together. Each of the parties has separate income and estate. Specifically, Doris Stell has property of a value in excess of $100,000.00; and H. Ransley Sage expects to leave a substantial estate in which a widow’s elective share could be several times the present estate of Doris Stell. The parties recognize that circumstances may be such as to raise a question as to whether they are married, and each wishes to be sure that no such question will arise after his or her death that would lead to any claim by the other against his or her estate.
TERMS OF AGREEMENT
In recognition of the premises, the parties agree:
1. That they presently have no intention of marrying, and neither has nor expects to have any claim against the property of the other.
2. If, for reasons of convenience or otherwise, the parties should change their intention and enter into a marriage, neither has any desire to acquire any interest in the estate or property of the other. In recognition thereof, each here *1326 by releases any and all claim that he or she may acquire by reason of marriage in the other party’s property or estate under the present or future laws of Pennsylvania or any other jurisdiction, including:
(a) Any dower, curtesy, or other right he or she might have in or to the property of which the other might die seized or possessed.
(b) The right to elect to take against any present or future Will or Codicil of the other party,
(c) The right to take his or her intestate share in the other party’s estate,
(d) The right to any family exemption, widow’s allowance, or other special provision made for a surviving spouse by the law of any jurisdiction; and
(e) The right, if any, to act as administrator or administratrix of the other party’s estate.
3. Nothing herein shall constitute a waiver by either party of any provision that the other party may make for him or her by Will or Codicil. However, the parties acknowledge that no promises of any kind have been made by either of them to the other with respect to any such provision.
IN WITNESS WHEREOF AND INTENDING TO BE LEGALLY BOUND HEREBY, the parties have hereunto set their hands and seals the day and year first above written.
The agreement was signed by both Mr. Sage and appellee, and was witnessed by Mr. Sage’s son, Harry Russell Sage (who is the personal representative of Mr. Sage’s estate, the appellant herein). Approximately six and one-half years later, on November 15, 1980, Mr. Sage and appellee were married. The marriage continued until Mr. Sage’s death.
Appellee filed the instant petition for family allowance with the estate and the estate answered with the affirmative defense that appellee waived her right to a family allowance by entering into the Separate Property Agreement. After a hearing on the petition, the trial court found “[ap-pellee] is the Decedent’s surviving spouse, she has established a need for a Family Allowance, and that the Separate Property Agreement of May 25, 1986 [sic] is not a bar to her right to a Family Allowance.” The trial court ordered the estate to pay appellee $500.00 per month, not to exceed the maximum allowed in section 732.403, Florida Statutes (1985).
This appeal is from that order. Appellant argues two points. First, appellant asserts that the trial court erred in finding that appellee had established a need for the allowance. In essence, appellant is asking us to reweigh the evidence, which we refuse to do. There is substantial, competent evidence contained in the record to support the trial court’s finding of appellee’s need. However, this issue does not determine the outcome of this appeal.
The second point on appeal asserts that the trial court erred in finding the agreement was not a bar to appellee’s right to a family allowance. On this point we reverse. The trial court did not either orally or in his written order state why the agreement did not bar the allowance. Appellee argues in this appeal that the trial court's order can be upheld under either one of two theories.
Appellee first argues that the trial court’s order is correct because Mr. Sage failed to disclose his assets prior to appel-lee’s signing of the agreement. Appellee asserts that the law in effect at the time the agreement was signed controls the validity of the agreement, and the case law then in effect required disclosure. Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962). Appellant argues that the law in effect at the time of the decedent’s death applies, and the statute then in effect did not require disclosure. § 732.702(2), Fla. Stat. (1985). While this case is one that “straddles the statute” (agreement entered into prior to statute, death occurs subsequent to statute’s enactment), it is not the *1327 first. The third district has consistently held that, in probate proceedings, the law in effect at the date of the decedent’s death is the correct law to be applied. Moldofsky v. Stregack, 449 So.2d 918 (Fla. 3d DCA 1984), reversed on other grounds, 474 So. 2d 206 (Fla.1985); Flagship National Bank of Miami v. King, 418 So.2d 275, 277 (Fla. 3d DCA 1982); Estate of Garcia v. Garcia, 399 So.2d 486, 489, (Fla. 3d DCA), petition for review denied, 407 So.2d 1103 (Fla.1981); Topper v, Stewart, 388 So.2d 1270 (Fla. 3d DCA 1980), petition for review denied, 397 So.2d 779 (Fla.1981). The Supreme Court of Florida has looked to the date of death to determine whether to apply section 732.702, Florida Statutes (1975). In re Estate of Reed, 354 So.2d 864, 865 (Fla.1978). The case of Ellis First National Bank of West Pasco v. Downing, 443 So.2d 337 (Fla. 2d DCA 1983), urged upon us by appellee, is distinguishable on its facts. In Downing, the signing of the agreement and the death of the decedent both occurred after the effective date of section 732.702(2). Id. at 337. We hold, as has our sister court, that the validity, in a probate proceeding, of an antenuptial agreement is to be determined by the laws in effect at the time of the decedent’s death. Applying this holding to the instant case, Mr. Sage was not required to disclose his estate to appellee in order for the ante-nuptial agreement to be valid.
Even if we were to hold that the Del Vecchio disclosure requirement applied to this case, it may very well be that the requirement was minimally satisfied. The language in the agreement gives a dollar figure for appellee’s present estate and then states that the “widow’s elective share [of Mr. Sage’s estate] could be several times the present estate of [appellee].” This language at the least indicates to the reader that appellee could be waiving her rights to an amount “several times” $100,-000.00.
Appellee argues a second theory in support of the trial court’s order: she argues that she did not understand the rights she waived in signing the agreement. We find no merit to this theory. The language of the agreement is clear and straightforward. As reflected in the record, appellee herself wrote in her journal prior to signing the agreement in 1974 that “Harry showed my [sic] a legal paper today whereby we maintain our financial status intact on our death. I guess I’ll sign it. It’s really a protection for Russ, as he explained it, but it did upset me. Sounded so cold and calculating.” Appellee testified that the time between seeing the document and signing it was “[p]robably overnight.” If the trial court’s order finding that the agreement did not bar an allowance was based on appellee’s theory that she did not understand the rights being waived, then the trial court erred because there is no substantial, competent evidence upon which to ■ base such a finding. The trial court erred in not giving legal effect to the “Separate Property Agreement.” We find no theory in support of the trial court’s order. Accordingly, we reverse and remand for proceedings consistent with this opinion.
Reversed and remanded with instructions.
LEHAN and SCHOONOVER, JJ., concur.