## IN RE: ESTATE OF GITLIN
### Case No. 88-106 CP
Nineteenth Judicial Circuit, Martin County
December 14, 1988

### APPEARANCES OF COUNSEL

**Brian M. O'Connell,** for widow/petitioner.
**Marvin Kurzban,** for personal representative.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### ORDER ON PETITIONER BERTHA S. GITLIN'S PETITION FOR FAMILY ALLOWANCE

THIS MATTER came on for hearing pursuant to the Petition of Bertha S. Gitlin surviving spouse of the decedent Max M. Gitlin for family allowance pursuant to FS § 732.403. The Court, having taken evidence, heard argument and considered authorities and memorandums submitted by counsel hereby makes the following findings of fact and conclusions of law.

Petitioner Bertha Gitlin surviving spouse of Max M. Gitlin has

requested a family allowance in the amount of $6,000.00. This request is opposed by the Personal Representative, Judith Gitlin. Judith is Bertha's step-daughter.

The evidence demonstrates that Mrs. Gitlin has assets in excess of four hundred thousand dollars ($400,000.00) and receives retirement benefits of approximately three thousand dollars ($3,000.00) per month. In addition she has full coverage under hospitalization plans provided to her as a retired New York City school teacher. The Court heard evidence concerning her unfortunate health problems but based on the foregoing findings finds that there exists no present need for the allowance.

The precise issue for decision, therefore, is whether under the revised statute there must be a showing of need before the allowance can be awarded. (Fla Laws 1974 C. 74.106(1) and Fla Laws 75.220(1a) FS § 732.403 replacing FS § 733.20). Counsel for Petitioner cites 27 Florida Law Review, *The Florida Probate Code, A Marriage of Convenience* in support of his argument that need is no longer a criteria for granting the family allowance. This article, while persuasive, is not mandatory controlling authority.

The Court is, of course, obligated to determine legislative intent by utilizing applicable rules of statutory construction. It is, of course, black letter law that the Court is obligated to follow clearly expressed legislative intent. It is equally true that the Court is obligated to construe the statute as a whole in determining the legislature's intent. The revised statute provides that the Court *may,* after notice and hearing, order the allowance to a surviving spouse or lineal descendants as their *needs* appear. (F. S. 732.403). The notice and hearing provision, along with the permissive use of the word may and the inclusion of the phrase "as the needs of the spouse and lineal descendants appear" would seem to demonstrate no change in the required showing of need. The legislature is presumed to know both the previous statutory law and the previous interpretations placed upon a statute. In the absence of any contrary legislative intent the previous decisions remain viable in determining the legislature's intent in enacting a subsequent statute covering the same subject matter. As enacted, F. S. 732.403, in the Court's view, carries no legislative intent to change the need requirement. Rather than the previously discussed permissive language when coupled with the notice and hearing requirement and the clear language with regard to need lead inexorably to a contrary conclusion.

Furthermore, the case of *Sage v Sage* 515 So.2d 1324 (Fla. App. 2d

100

Dist. 1987), while not precisely on point, *sub silentia* supports the continued viability of the need requirement.

Based on the foregoing factual findings and legal discussion the Petitioner's request for a family allowance is therefore denied.

DONE and ORDERED in Chambers, Stuart, Martin County, Florida, on this 14th day of December, 1988.