# IN RE: ESTATE OF WADSWORTH
## Case No. 85-74-CP
Seventh Judicial Circuit, Flagler County

January 10, 1989

### APPEARANCES OF COUNSEL

**William S. Belcher,** for First Union National Bank and James W. Burke, Co-Personal Representatives.

**Hamilton D. Upchurch,** for the Estate of Lewis E. Wadsworth.

**Jason G. Reynolds,** for Lewis E. Wadsworth, III.

**B. Paul Katz,** for Britt Eden Wadsworth.

### OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

### ORDER ON PETITION TO DETERMINE HOMESTEAD

THIS CAUSE was heard on the Third day of January, 1989 on the Petition of FIRST UNION NATIONAL BANK OF FLORIDA and JAMES W. BURKE as Co-Personal Representatives of the estate of LEWIS E. WADSWORTH to determine homestead real property and the Court has heard argument for the petitioners; for the respondents,

LEWIS E. WADSWORTH III and VIRGINIA WADSWORTH; and for the respondent BRITT EDEN WADSWORTH and the Court has reviewed the agreed upon facts and being fully advised in the premises finds as follows:

1. Decedent died testate a resident of Flagler County, Florida survived by a spouse, SONIA M. WADSWORTH; two adult children by a prior marriage, LEWIS E. WADSWORTH III, and VIRGINIA WADSWORTH; and two grandchildren, both of whom are children of decedent's son, LEWIS E. WADSWORTH III.

2. At the time of decedent's death, he was domiciled in Flagler County, Florida on a parcel of land, located outside a municipality consisting of 44 acres, more or less, described as follows:

From a point of reference being a P.R.M. of the Northwest corner of Section 39, Township 10 South, Range 30 East, 2950.00 feet more or less along the West line of said Section 39 to the intersection with the centerline of Styles Creek (referred to as "Burnt Bridge Creek") and the POINT OF BEGINNING of this description; thence Easterly along the centerline of Styles Creek a distance of 2800 feet more or less to the intersection with a small creek (referred to as the centerline of Johnson's Savannah); thence Southerly along the small creek a distance of 1300 feet, more or less, to the intersection of the projection of an old fence marking the Southerly boundary of lands formerly owned by Mercy Ann Moody as described in Deed Book 00, Page 601, of the Public Records of St. Johns County, Florida; thence South 86 degrees, 44 minutes, 10 seconds West 2873.42 feet to the POINT OF BEGINNING. Containing 44.0 acres, more or less.

3. The personal residence (subject to the surviving spouse's right to use the real property hereinbefore more particularly described together with the furnishings and furniture located therein for a period not to exceed one year from the decedent's death without cost or expenses) was devised as part of decedent's residuary estate under Paragraph Five of decedent's Will dated June 18, 1985.

4. Prior to decedent's marriage to his surviving spouse, SONIA M. WADSWORTH, he and his wife entered into an antenuptial agreement under which, SONIA M. WADSWORTH, in exchange for the husband's agreement to make certain benefits for her in his will, released and waived her homestead rights.

Based upon the foregoing facts, this Court is faced with a question as to whether or not the homestead real property passes under the residuary clause of the Last Will and Testament of the decedent (the

wife's one year possessory period has expired and the residence has been sold and the net proceeds thereof is held in escrow pending the Court's decision on this petition) or whether the property passes under the provision of *Section 732.4015 FPC* to decedent's two children as decedent's lineal descendants in being at the time of decedent's death.

At the time of the adoption of the Constitution of 1968, the devise of homestead was restricted by *Florida Statutes 1967 731.05(1)* if the homesteader were survived by a widow or lineal descendants or both. In holding that the provisions of the Constitution of 1968 which reduce the protected class to a spouse and "minor child" in effect repealed *Section 731.05* and permitted the devise of homestead property to one of four adult children. The Supreme Court of Florida *Re McGinty Estate 158 So.2d 450 (FL Supreme Court 1972)* at page 451 said:

> The restraint on the right of an individual to devise his property at death should not be extended beyond that expressly allowed by the Constitution.

A spouse may waive Homestead rights in an antenuptial agreement, *Estate of Roberts, 388 So.2d 216 (FL Supreme Court 1980),* which permitted the devise of the homestead to the owner's children to the exclusion of a surviving spouse who had signed a valid antenuptial agreement.

The Third DCA in *Hulsh v Hulsh 431 So.2d 658 (FL 3d DCA 1983)* in discussing the validity of an antenuptial agreement stated at Page 666:

> "Thus, if it is ultimately determined that the antenuptial agreement was not mutually rescinded and that, therefore, Marcella's (surviving spouse) waiver in the agreement disqualifies her from taking under the will, that disqualification is deemed to be the functional equivalent of her death . . ."

It appears to this Court that the waiver by a spouse of her homestead rights is the equivalent in many ways to a spousal disclaimer and the Court notes that in *Section 732.801(3)(a) FPC,* the Disclaimer by a surviving spouse of homestead rights is equivalent to her death immediately prior to that of the decedent. Had the spouse disclaimed after death instead of a disclaimer as a part of an antenuptial agreement there seems to be no question but what the decedent's homestead property should pass under his Last Will and Testament.

The respondents, LEWIS E. WADSWORTH III and VIRGINIA WADSWORTH argue that the *Florida Supreme Court in Public Health Trust of Dade County v Lopez, 530 So.2d 946 (FL 1988)*

35

supports their position that the homestead may not be devised. It is important to note however, that *Lopez* involved a conflict between the Third and Second District Court of Appeal in similar cases involving creditor rights to levy on the homestead. In the *Lopez* case, the protected class consist of the spouse and heirs at law under *Article X, Section 4(b)* of the Florida Constitution. In the instant case, the protected class consist of the spouse and minor children under *Article X, Section 4(c)* of the Constitution.

In the absence of a minor child and the waiver of homestead rights by the surviving spouse, there is no member of the Constitutional protected class to benefit from the restraint on the right to LEWIS E. WADSWORTH to devise his property at death as he saw fit.

IT IS THEREUPON ORDERED AND ADJUDGED, as follows:

1. The Last Will and Testament of LEWIS E. WADSWORTH dated June 18, 1985 legally devised the decedent's homestead hereinbefore more particular described as a part of the residue of his estate.

2. The funds presently held in escrow representing the net proceeds of the sale of the homestead, together with any interest thereon, shall be paid over and delivered to the FIRST UNION NATIONAL BANK OF FLORIDA and JAMES W. BURKE as Co-Personal Representatives of the Estate of LEWIS E. WADSWORTH, deceased to be distributed as part of his estate under his Last Will and Testament dated June 18, 1985.

DONE AND ORDERED in Chambers at Bunnell, Florida this 10th day of January, 1989.

*Editor's Note:* The foregoing decision was appealed to the Fifth District Court of Appeal on February 3, 1989. The initial brief was filed on April 25, 1989.