563 So.2d 193 (1990)
John L. DeSMIDT and John Rulong, As Copersonal Representatives of the Estate of Hermanes K. DeSmidt, Deceased, Appellants,
v.
Beulah DeSMIDT, Appellee.
No. 89-02928.
District Court of Appeal of Florida, Second District.
June 22, 1990.
*194 Jerald J. Chlipala, of Jerald J. Chlipala, P.A., Fort Myers, for appellants.
No appearance by appellee.
ALTENBERND, Judge.
The trial court granted Beulah DeSmidt, the surviving spouse of Hermanes K. DeSmidt, a family allowance from her husband's estate pursuant to section 732.403, Florida Statutes (1987). The copersonal representatives argue that the surviving spouse is not entitled to the family allowance because she has personal assets and the allowance is not necessary for her support. We affirm the probate order because the current family allowance statute "entitles" the surviving spouse to a reasonable allowance and no longer requires proof that the allowance is "necessary for support." In this case, the trial court did not abuse its discretion in setting the reasonable allowance at ten monthly payments of $600, which totalled the statutory maximum of $6,000.
At the time of her husband's death on January 14, 1989, Mrs. DeSmidt was over eighty years old. The couple had been married for more than thirty years. Mrs. DeSmidt testified that she and her husband had maintained separate bank accounts, but that each had contributed toward their living expenses. The couple had apparently enjoyed a comfortable, middle-class lifestyle.
It is undisputed that Mrs. DeSmidt has significant funds in her own checking account and that she could survive on her own funds without any immediate contribution from her husband's estate. Ultimately, she will receive a substantial portion of the estate. Given this evidence, the copersonal representatives argue that Mrs. DeSmidt did not establish a necessity for the family allowance. They believe that Mrs. DeSmidt must deplete her existing funds before any award would be necessary and thus appropriate.
Historically, the copersonal representatives' argument would have had merit. Before the Florida Probate Code was revised during the mid-1970s, the Code provided for a reasonable family allowance "if necessary for support." § 733.20(1)(d), Fla. Stat. (1973). This language, however, was removed when the Code was revised. The Code now provides:
In addition to homestead and exempt property, if the decedent was domiciled in Florida at the time of his death, the surviving spouse ... [is] entitled to a reasonable allowance in money out of the estate for [the spouse's] maintenance during administration.
§ 732.403, Fla. Stat. (1987) (emphasis added).
Although a surviving spouse is entitled to a family allowance without regard to the necessity of the allowance, the reasonableness of the allowance must still be established. A surviving spouse's needs are relevant in that decision. See Estate of Sage v. Sage, 515 So.2d 1324 (Fla. 2d DCA 1987). In a case involving very limited living expenses, a reasonable allowance might be extremely small. In this case, however, Mrs. DeSmidt's evidence concerning her "maintenance during administration," i.e., her reasonable living expenses, established the reasonableness of this allowance.
Affirmed.
DANAHY, A.C.J., and LEHAN, J., concur.