SHEPHERD, J.
This is an appeal from an order of the probate court vacating a family allowance that was awarded for the benefit of a minor child of the decedent, Amado Luis Valdes, pursuant to section 732.403 of the Florida Statutes (2003). We have jurisdiction, Fla. R.App. P. 9.110(a)(2), and reverse the order vacating the allowance.
On April 8, 2003, Amado Valdes died intestate, leaving a surviving spouse, an adopted minor child, and four adult children from a prior marriage. On December 15, 2003, the lower court granted the spouse’s petition for a family allowance for the benefit of the.minor child during the pendency of the probate proceeding, payable in the sum of $526.06 per month, capped, of course, at the statutory limit of $18,000. § 732.403, Fla. Stat. In February 2004 and again in July 2004, the personal representative sought to vacate the allowance. The personal representative’s first petition failed, but his second petition, based upon the sole new ground that the surviving spouse unreasonably delayed completion of the probate of the estate to the detriment of the distribution of its limited assets to the beneficiaries, was granted. The surviving spouse, as the statutory recipient of the allowance on behalf of the minor child, appeals the order vacating the allowance.
The surviving spouse first argues that the appeal is barred because it was not brought within thirty days of its entry, pursuant to Florida Rule of Appellate Procedure 9.110(b), and for the additional reason that the denial of the personal representative’s first petition, which was not appealed, operates to bar the second petition under the common law doctrine of res judicata. We disagree. Section 732.403 authorizes a probate court to award a “reasonable allowance” out of the money of the estate for the benefit of a surviving spouse or lineal heirs the decedent was supporting or was obligated to support during administration of the estate. § 732.403, Fla. Stat. A surviving spouse and qualified lineal descendant are “entitled” to a family allowance without regard to the necessity of the allowance. DeSmidt v. DeSmidt, 563 So.2d 193, 194 (Fla. 2d DCA 1990). However, the reasonableness of the allowance must still be established. Id. As such, we *1231 conclude the probate court necessarily retains the authority to re-examine and modify an award, either upward or downward as circumstances may require, during the course of administration of the estate. Id. Accordingly, the personal representative’s second petition was neither time barred nor precluded by the principle of res judi-cata.
However, we find that the purported delay tactics of the surviving spouse, as alleged by the personal representative, is insufficient to support the modification or vacating of an award, especially where, as here, the award is not for the benefit of the alleged wrongdoer but rather an innocent minor. See generally 2 Matthew Bender, Florida Estates Practice Guide § 19.110 (2005). For this reason, we reverse the order vacating the award and remand with directions to the trial court to reinstate the allowance for the minor child retroactively to the date of the order vacating the award.
Reversed and remanded with directions.