COHEN, J.
 

 Prior to their marriage, Lora Foster and Edward Gomes entered into an antenuptial agreement in which Ms. Foster waived all right to Mr. Gomes’s property, including her right to an elective share. Although not required by Florida law, Mr. Gomes disclosed the bulk of his assets when they entered the agreement, omitting one asset valued at approximately $10,000.
 

 Subsequent to Mr. Gomes’s death in 2006, his will was admitted into probate. The will left all property not specifically devised to Ms. Foster to his lineal descendants. Ms. Foster filed a notice of her election to take her elective share pursuant to section 732.201, et seq., Florida Statutes (2006). The personal representative moved to strike the petition for elective share, citing section 732.702(1), Florida Statutes (2006), and the antenup-tial agreement. The trial court found the antenuptial agreement valid and enforceable, ruling that Ms. Foster waived her right to an elective share of the estate and that Mr. Gomes’s failure to disclose a minor asset did not affect the enforceability of the agreement. This appeal followed.
 

 Florida law does not require pri- or disclosure of assets for an antenuptial agreement. § 732.702(2). Recognizing this, Appellant argues that a disclosure, once made, albeit voluntarily, if inaccurate or fraudulent, invalidates the antenuptial agreement, citing
 
 Stregack v. Moldofsky,
 
 474 So.2d 206 (Fla.1985) (Ehrlich, J., dissenting). Unfortunately for Appellant, that dissenting opinion has not garnered a consensus either within the Florida Legislature or Florida courts. We prefer, instead, to rely upon the binding majority opinion which stated, “[njondisclosure, whether fraudulent or not, is precisely what the legislature intended to eliminate from consideration on the validity of ante-nuptial agreements.”
 
 Stregack,
 
 474 So.2d at 207. In so holding, the law continues to accommodate the desires of older Florida residents to marry again without risking
 
 *147
 
 an unwanted disposition of a lifetime’s assets due to a partial disclosure.
 
 See id.
 

 AFFIRMED.
 

 SAWAYA and LAWSON, JJ., concur.